1    ELAINE K. KIM (SBN 242066)
     ekk@msk.com
2    MITCHELL SILBERBERG & KNUPP LLP
     2049 Century Park East, 18th Floor
3    Los Angeles, CA  90067
     Telephone: (310) 312-2000
4    Facsimile: (310) 312-3100

5    Attorneys for Defendant
     The Walt Disney Company

6

7

8                UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

| | |
|---|---|
| 11   David A. Fisher, | CASE NO. 2:21-cv-05839-CBM (KSx) |
| 12        Plaintiff, | Honorable Consuelo B. Marshall |
| 13        v. | **NOTICE OF MOTION AND MOTION OF DEFENDANT THE WALT DISNEY COMPANY TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND 28 U.S.C. § 1915(E)(2)(B);** |
| 14   Angela Nissel, E. Brian Dobbins, Kenya Barris, ABC Studios, The Walt Disney Company, a Delaware Corporation, and Parent company of Walt Disney, Walt Disney Television and ABC Television Network, Inc; Does 1 thru 25, Inclusive, | |
| 18        Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 19 | [Request for Judicial Notice and Exhibits; Declarations of Elaine K. Kim and Celeste de los Santos in Support of Request for Judicial Notice; Notice of Lodging and Exhibits; and [Proposed] Order Filed Concurrently Herewith] |
| 23 | Date:       October 5, 2021<br>Time:       10:00 a.m.<br>Courtroom:   8B |

Mitchell
Silberberg &
Knupp LLP

28

13360201.4

---

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

## <u>NOTICE OF MOTION AND MOTION</u>

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on October 5, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Consuelo B. Marshall in Courtroom 8B, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant The Walt Disney Company ("TWDC") will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), for an Order dismissing Plaintiff David A. Fisher's Complaint (Dkt. 1) in its entirety with prejudice.

    This Motion is made on the grounds that the Complaint fails to and cannot state a claim for relief under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) against TWDC or any other Defendant, and is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) in that Plaintiff's claims lack any arguable basis in law or fact.

    Plaintiff's First Cause of Action for Copyright Infringement asserts that the television series *mixed-ish* infringes Plaintiff's purported works—five episodes of a series titled "MIXED." Plaintiff's First Cause of Action should be dismissed for the following reasons:

- Plaintiff's First Cause of Action for copyright infringement of Episodes 2 through 5 of "MIXED" fails because the judicially noticeable records of the U.S. Copyright Office show that it has not granted Plaintiff any copyright registrations for these works. Dismissal should be without leave to amend because Plaintiff's failure to obtain a registration prior to instituting this action as required by the Copyright Act, 17 U.S.C. § 411(a), cannot be cured by now registering the works and amending the Complaint.

- Plaintiff's First Cause of Action for copyright infringement of Episode 1 of "MIXED" against TWDC fails because Plaintiff has not pled facts plausibly showing that TWDC copied Plaintiff's work. The Complaint is devoid of

any facts plausibly stating any element of copyright infringement against TWDC.

- Plaintiff's First Cause of Action for copyright infringement of Episode 1 of "MIXED" against TWDC and all other Defendants fails because the works, which are incorporated by reference into the Complaint and also judicially noticeable, establish that *mixed-ish* is, as a matter of law, not substantially similar in protected expression to Episode 1 of "MIXED" under the extrinsic test. Indeed, Plaintiff cannot show that the works share even similarities probative of copying. Dismissal should be with prejudice, because Plaintiff cannot alter the contents of these works, or the legal conclusion of the lack of substantial and probative similarity, by further amendment.

- Plaintiff's request for "Equitable Relief-Right of Attribution" fails for the same reasons, and also because that the Copyright Act provides for a right of attribution only as to certain works of visual art, not at issue in this case.

Plaintiff's Second Cause of Action for Conversion fails to state a claim and is frivolous because Plaintiff's claim that Defendants converted his intellectual property is preempted by the Copyright Act, 17 U.S.C. § 301(a). Dismissal should be with prejudice because this legal defect cannot be cured by amendment.

Plaintiff's claim that Defendants falsely represented the origin or authorship of *mixed-ish* fails to state a claim and is frivolous because it is precluded by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), and is preempted by the Copyright Act, 17 U.S.C. § 301(a). Dismissal should be with prejudice because this legal defect cannot be cured by amendment.

Because the fatal deficiencies in Plaintiff's Complaint apply to all Defendants, the Court should dismiss Plaintiff's action in its entirety as to all Defendants, without leave to amend. Furthermore, because Plaintiff's claim lack any arguable basis in law or in fact, the Court should certify in writing that any

Mitchell
Silberberg &
Knupp LLP

13360201.4

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

1   appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

2       This Motion is based upon this Notice of Motion and Memorandum of

3   Points and Authorities; the concurrently filed Request for Judicial Notice and

4   exhibits thereto; the concurrently filed Notice of Lodging and exhibits thereto; the

5   concurrently filed Declarations of Elaine K. Kim and Celeste de los Santos in

6   Support of the Request for Judicial Notice; all pleadings and other records on file

7   in this action; any other matters that may be judicially noticed; and such further

8   evidence and arguments as may be presented at or before the hearing on this

9   Motion.

10       This Motion is made following the conference between Plaintiff and counsel

11   for Defendant pursuant to L.R. 7-3, which took place on August 16 and 23, 2021.

12   *See* Declaration of Elaine K. Kim ¶10.

13   DATED: August 26, 2021      MITCHELL SILBERBERG & KNUPP LLP

14                       By:   */s/ Elaine K. Kim*

15                           Elaine K. Kim
                        Attorneys for Defendant

16                           The Walt Disney Company

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

13360201.4

4

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................13

I.    INTRODUCTION ...............................................................................13

II.   FACTUAL BACKGROUND ..............................................................15

     A.    Plaintiff's Complaint...........................................................15

     B.    Judicially Noticeable Facts and the Works Incorporated by Reference into the Complaint ............................................17

          1.    The Copyright Office Has Not Granted Registrations to Plaintiff for "MIXED" Episodes 2 Through 5 ........................18

          2.    "MIXED" Episode 1 and *mixed-ish* .........................................19

                a.    "MIXED" Episode 1 .............................................19

                b.    *mixed-ish*..........................................................20

III.  LEGAL STANDARDS ........................................................................21

IV.  THE FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT FAILS FOR SEVERAL REASONS.............................22

     A.    Plaintiff Cannot State a Claim for Infringement of "MIXED" Episodes 2 Through 5 ..............................................24

     B.    Plaintiff Has Not Plausibly Stated Any Claim Against TWDC .........26

     C.    In Any Event, Plaintiff Cannot State a Claim for Infringement of "MIXED" Episode 1 ..............................................27

V.   THE SECOND CAUSE OF ACTION FOR CONVERSION IS PREEMPTED BY THE COPYRIGHT ACT ................................................33

VI.  PLAINTIFF'S CLAIM OF FALSE REPRESENTATION IS BARRED BY *DASTAR* AND PREEMPTED BY THE COPYRIGHT ACT ..............34

VII.  THE ENTIRE ACTION AGAINST ALL DEFENDANTS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND ..................................36

VIII. THE COURT SHOULD CERTIFY THAT ANY APPEAL MAY NOT BE TAKEN *IN FORMA PAUPERIS* ............................................37

MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND

1

**TABLE OF CONTENTS**
(continued)

**Page**

IX.   CONCLUSION ................................................................................38

Mitchell
Silberberg &
Knupp LLP

13360201.4

MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Abagninin v. AMVAC Chem. Corp.*,
  545 F.3d 733 (9th Cir. 2008) ..........................................................................25

*Abdullah v. Walt Disney Co.*,
  2016 WL 5380930 (C.D. Cal. Mar. 14, 2016), *aff'd*, 714 F. App'x
  758 (9th Cir. 2018) ..........................................................................................11

*Adams v. Paramount Pictures Corp.*,
  2009 WL 10671572 (C.D. Cal. Jan. 6, 2009).................................................22

*Adams v. Warner Bros. Pictures Network*,
  2007 WL 1959022 (E.D.N.Y. June 29, 2007), *aff'd*, 289 F. App'x
  456 (2d Cir. 2008) ...........................................................................................15

*Alexander v. Murdoch*,
  2011 WL 2802899 (S.D.N.Y. May 27, 2011)..................................................19

*Anderson v. Paramount Pictures Corp.*,
  617 F. Supp. 1 (C.D. Cal. 1985).......................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................9, 10, 14

*Astor-White v. Strong*,
  2019 WL 3017684 (C.D. Cal. June 14, 2019), *aff'd*, 817 F. App'x
  502 (9th Cir. 2020) ..........................................................................................11

*Attia v. Soc'y of the N.Y. Hosp.*,
  201 F.3d 50 (2d Cir.1999) ...............................................................................15

*Basile v. Sony Pictures Entm't Inc.*,
  2014 WL 12521344 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x
  473 (9th Cir. 2017) ..........................................................................................12

*Benay v. Warner Bros. Entm't, Inc.*,
  607 F.3d 620 (9th Cir. 2010), *overruled on other grounds by*
  *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)..........................16, 18

*Berkic v. Crichton*,
  761 F.2d 1289 (9th Cir. 1985) ....................................................................16, 17

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Carlini v. Paramount Pictures Corp.*,
2021 WL 911684 (C.D. Cal. Feb. 2, 2021) ........................................................20

*Cavalier v. Random House, Inc.*,
297 F.3d 815 (9th Cir. 2002) ...............................................................16, 17

*Christianson v. W. Pub. Co.*,
149 F.2d 202 (9th Cir. 1945) ...........................................................................11

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
539 U.S. 23 (2003) .........................................................................3, 22, 23, 24

*Edwards v. Cinelou Films, LLC*,
2016 WL 9686986 (C.D. Cal. June 22, 2016), *aff'd*, 696 F. App'x
270 (9th Cir. 2017) ...........................................................................................12

*Esplanade Prods., Inc. v. Walt Disney Co.*,
2017 WL 5635027 (C.D. Cal. Nov. 8, 2017), *aff'd*, 768 F. App'x
732 (9th Cir. 2019) ...........................................................................................11

*Evans v. McCoy-Harris*,
2019 WL 1002512 (C.D. Cal. Jan. 4, 2019) ...................................................14

*Fillmore v. Blumhouse Prods., LLC*,
2017 WL 4708018 (C.D. Cal. July 7, 2017), *aff'd*, 771 F. App'x
756 (9th Cir. 2019) .......................................................................................6, 11

*Fisher v. Nissel*,
No. 2:20-cv-02088-CBM .....................................................................................3

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) ........................................................................................13

*Franklin v. Murphy*,
2013 WL 1210562 (D. Mont. Mar. 25, 2013) ................................................25

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
462 F.3d 1072 (9th Cir. 2006), *overruled on other grounds by*
*Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) .................17, 18, 19

# TABLE OF AUTHORITIES
<u>(continued)</u>

**<u>Page(s)</u>**

*Fuzzy Logic Prods., Inc. v. Trapflix, LLC*,
  2015 WL 12791508 (C.D. Cal. Nov. 20, 2015) ................................................. 14

*Gadh v. Spiegel*,
  2014 WL 1778950 (C.D. Cal. Apr. 2, 2014) ..................................................... 11

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
  713 F. Supp. 2d 215 (S.D.N.Y. 2010) .............................................................. 24

*Heusey v. Emmerich*,
  2015 WL 12765115 (C.D. Cal. Apr. 9, 2015), *aff'd*, 692 F. App'x
  928 (9th Cir. 2017) ..................................................................................... 12, 18

*Hoff v. Walt Disney Pictures*,
  2019 WL 6329368 (C.D. Cal. Aug. 19, 2019) ............................................. 22, 24

*in Dunn v. Castro*,
  621 F.3d 1196 (9th Cir. 2010) ........................................................................... 5

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ................................................. 14

*Izmo, Inc. v. Roadster, Inc.*,
  2019 WL 2359228 (N.D. Cal. June 4, 2019) ................................................... 13

*Lahiri v. Universal Music & Video Distribution Corp.*,
  2006 WL 6030551 (C.D. Cal. Mar. 24, 2006) ................................................. 20

*Laws v. Sony Music Entm't, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) .......................................................................... 21

*Malibu Media, LLC v. Doe*,
  2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) ................................................... 13

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
  922 F.3d 946 (9th Cir. 2019) ............................................................................ 12

*Marcus v. ABC Signature Studios, Inc.*,
  279 F. Supp. 3d 1056 (C.D. Cal. 2017) ...................................................... 16, 20

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Masterson v. Walt Disney Co.*,
   2019 WL 2879877 (C.D. Cal. May 8, 2019), *aff'd*, 821 F. App'x
   779 (9th Cir. 2020) ........................................................................................11

*Mattel, Inc. v. MGA Entm't, Inc.*,
   616 F.3d 904 (9th Cir. 2010) ........................................................................18

*Mir v. Little Co. of Mary Hosp.*,
   844 F.2d 646 (9th Cir. 1988) ...........................................................................5

*Montgomery v. Kennerly*,
   2013 WL 1209935 (D. Mont. Mar. 4, 2013) ..................................................25

*Olson v. Nat'l Broad. Co.*,
   855 F.2d 1446 (9th Cir. 1988) ..................................................................18, 20

*Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010) ...............................................................................6

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by*
   *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)...10, 11, 14, 15, 16, 24

*Ricketts v. Haah*,
   2013 WL 3242947 (C.D. Cal. June 26, 2013).....................................................5

*Rimini St., Inc. v. Oracle Int'l Corp.*,
   2017 WL 4227939 (D. Nev. Sept. 22, 2017) ..................................................24

*Robertson v. Dean Witter Reynolds, Inc.*,
   749 F.2d 530 (9th Cir. 1984) .........................................................................10

*Rosado v. Roman*,
   2017 WL 3473177 (D. Or. Aug. 11, 2017) .....................................................25

*Salt Optics, Inc. v. Jand, Inc.*,
   2011 WL 13055856 (C.D. Cal. Mar. 4, 2011) ................................................24

*Schkeiban v. Cameron*,
   2012 WL 5636281 (C.D. Cal. Oct. 4, 2012), *aff'd*, 566 F. App'x
   616 (9th Cir. 2014) ........................................................................................12

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Shame On You Prods., Inc v. Elizabeth Banks*,
    120 F. Supp. 3d 1123 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519
    (9th Cir. 2017) ............................................................................................. 11, 20

*Silas v. Home Box Off., Inc.*,
    201 F. Supp. 3d 1158 (C.D. Cal. 2016), *aff'd*, 713 F. App'x 626
    (9th Cir. 2018) ............................................................................................. 12, 18

*Silverton v. Dep't of Treasury of U.S. of Am.*,
    644 F.2d 1341 (9th Cir. 1981) ........................................................................... 25

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir.), *opinion amended on denial of reh'g*, 275
    F.3d 1187 (9th Cir. 2001) ............................................................................... 5, 15

*Suess v. Obama*,
    2017 WL 1371289 (C.D. Cal. Mar. 10, 2017) .................................................. 10

*Tanksley v. Daniels*,
    902 F.3d 165 (3d Cir. 2018) .............................................................................. 18

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007) ............................................................................................ 5

*Thomas v. Walt Disney Co.*,
    2008 WL 425647 (N.D. Cal. Feb. 14, 2008), *aff'd*, 337 F. App'x
    694 (9th Cir. 2009) ......................................................................................... 7, 12

*UAB "Planner 5D" v. Facebook, Inc.*,
    2019 WL 6219223 (N.D. Cal. Nov. 21, 2019).................................................. 13

*Van v. Cameron*,
    2011 WL 13121346 (S.D. Cal. Sept. 26, 2011), *aff'd*, 566 F. App'x
    615 (9th Cir. 2014) ........................................................................................... 12

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
    2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) .................................................... 13

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*White v. Twentieth Century Fox Corp.*,
2012 WL 13008330 (C.D. Cal. Apr. 11, 2012), *aff'd*, 572 F. App'x
475 (9th Cir. 2014) ............................................................................. 12

*Wild v. NBC Universal, Inc.*,
2011 WL 13272427 (C.D. Cal. June 28, 2011), *aff'd*, 513 F. App'x
640 (9th Cir. 2013) ............................................................................. 12

## STATUTES

17 U.S.C.
§ 101 .......................................................................................... 21
§ 102 .................................................................................... 21, 22
§ 103 .......................................................................................... 21
§ 106 .......................................................................................... 22
§ 301(a) .............................................................................. 2, 21, 23
§ 411(a) ............................................................................ 1, 12, 13

28 U.S.C.
§ 1915(a)(3) ..................................................................... 3, 25, 26
§ 1915(e)(2)(B) .................................................................... 1, 10
§ 1915(e)(2)(B)(ii) ................................................................... 10

## OTHER AUTHORITIES

Federal Rule of Civil Procedure
Rule 12(b)(6) ................................................................ 1, 5, 6, 9, 10, 11

Mitchell
Silberberg &
Knupp LLP

13360201.4

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff David A. Fisher claims that the ABC television series, *mixed-ish*, allegedly copied the "concept" of his five-episode YouTube series, "MIXED." Plaintiff's Complaint purports to assert causes of action for copyright infringement, conversion, and false representation of *mixed-ish*'s origin or authorship.

The Complaint fails to state any cause of action against Defendant The Walt Disney Company ("TWDC") under Federal Rule of Civil Procedure 12(b)(6). It also fails to state a claim and is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), which applies because Plaintiff is proceeding *in forma pauperis*. For the following reasons, the entire Complaint should be dismissed as to TWDC and all other Defendants, without leave to amend.

Plaintiff's First Cause of Action for Copyright Infringement of Episodes 2 through 5 of "MIXED" fails to state a claim and lacks any arguable basis in law or fact because the judicially noticeable records of the U.S. Copyright Office show that Plaintiff did not obtain copyright registrations for these works prior to instituting this action as required by the Copyright Act, 17 U.S.C. § 411(a). As the Supreme Court has held, a completed registration is a precondition to instituting an action for copyright infringement. Plaintiff's claim regarding "MIXED" Episodes 2 through 5 should be dismissed without leave to amend, because Plaintiff cannot cure his failure to satisfy this precondition by now registering these works.

Plaintiff's First Cause of Action for Copyright Infringement of Episode 1 of "MIXED" fails to state a claim and is frivolous for several, independently sufficient, reasons. As an initial matter, Plaintiff has not alleged facts plausibly showing that TWDC copied "MIXED" Episode 1. Indeed, the Complaint contains no facts whatsoever regarding TWDC's involvement with *mixed-ish*.

Plaintiff's claim fails also because he has not plausibly pled any substantial similarity, or even probative similarity, between "MIXED" Episode 1 and *mixed-*

*ish.* Plaintiff's bald assertion of infringement is belied by his own allegations. He alleges that "MIXED" is "about a bi-racial conservative female who moves home after completion of college" "to reside with her liberal parents." Dkt. 1 ("Compl.") ¶¶1, 21. He alleges that *mixed-ish* had an entirely different concept—the "concept of a bi-racial female" or a "female lead" returning home to reside with "*conservative* parents" or "*conservative* father-in-law." *Id.* ¶¶31, 6 (emphases added). In any event, such general concepts are not protectable by copyright.

The works themselves—which are properly considered by the Court on this Motion pursuant to the incorporation-by-reference and judicial notice doctrines—establish that they do not share even similarities probative of copying, and are not substantially similar in protected expression as a matter of law. The works are extremely different even on a basic, unprotectable level. "MIXED" Episode 1 is about a very conservative biracial woman who returns home, works at her mother's entertainment agency, and clashes with her liberal parents. The *mixed-ish* show tells the story of a biracial twelve-year-old girl, her two siblings, and their hippie liberal parents, as they move from their utopian commune into the "real world" of Reagan-era America. The works are radically different in every aspect of the extrinsic test. The absence of substantial similarity in protected expression compels dismissal of the claim with prejudice because Plaintiff cannot alter this legal defect by amendment. Plaintiff's request for "Equitable Relief-Right of Attribution" fails for the same reasons, and also because that the Copyright Act provides for a right of attribution only as to certain works of visual art, not at issue here.

Plaintiff's Second Cause of Action for Conversion fails to state a claim and is frivolous because it is preempted by the Copyright Act, 17 U.S.C. § 301(a). Plaintiff's conversion claim arises entirely out of his allegations that Defendants infringed his rights of reproduction and exploitation of "MIXED." Plaintiff cannot cure this legal defect by amendment, and therefore, the Second Cause of Action should be dismissed with prejudice.

Finally, Plaintiff claims that *mixed-ish* falsely represents its origin or authorship. This claim fails as a matter of law because it is precluded by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 34 (2003), and preempted by the Copyright Act. This claim should therefore be dismissed with prejudice.

Because the fatal deficiencies in Plaintiff's Complaint apply to all Defendants, the Court should dismiss this action in its entirety as to all Defendants, without leave to amend. Furthermore, because Plaintiff's claims lack any arguable basis in law or in fact, the Court should certify in writing that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

## II.  FACTUAL BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff filed his Complaint on July 19, 2021. *See* Dkt. 1 ("Compl."). His Request to Proceed *In Forma Pauperis* was granted on August 2, 2012. *See* Dkt. 10. Plaintiff previously filed a similar action, *Fisher v. Nissel*, No. 2:20-cv-02088-CBM (KSx). After TWDC filed a motion to dismiss on many of the same grounds, including the failure to obtain a copyright registration, Plaintiff filed a Notice of Voluntary Dismissal of the entire case without prejudice.

Plaintiff claims to have created a five-episode series titled "MIXED," which he premiered on the YouTube network commencing in March 2014. *See* Compl. ¶1. Plaintiff alleges that "MIXED" is "a comedy about a bi-racial conservative female who moves home after completion of college" "to reside with her liberal parents . . . ." *Id.* ¶¶1, 21; *see also id.* ¶41. Plaintiff alleges that he "has a registered US Copyright, Registration number PA 2-265-745." *Id.* ¶¶1, 19, 40.

Plaintiff's First Cause of Action for Copyright Infringement claims that "Defendants, and each of them, copied Plaintiff's comedy series named MIXED as though they created it as an original intellectual property and retitled it MIXED-ISH," which aired on ABC Network in September 2019. Compl. ¶¶28, 6. However,

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

1   Plaintiff then alleges that just two of the Defendants, E. Brian Dobbins and Angela

2   Nissel, "cannot deny that they had access to Plaintiff's original intellectual

3   property named MIXED" and "clearly infringed upon Plaintiff's ownership rights

4   and attempted to make some changes to adapt and produce MIXED-ISH as if they

5   created the comedy series." *Id.* ¶¶30, 33. And although Plaintiff alleges that his

6   work involved a conservative female character moving back home to reside with

7   her *liberal* parents, he alleges that *mixed-ish* incorporated the "concept of a bi-

8   racial female returning home to reside with *conservative* parents after completion

9   of college." *Id.* ¶31. Plaintiff has alleged no other articulable similarities. *See id.*

10  ¶49 (conclusorily alleging that *mixed-ish* copied MIXED, "including its themes,

11  structure, setting, overall story and plot arcs, specific plot devices, interpersonal

12  twists, dialogue, sequenced [sic] of events[,] character identities, character

13  personalities, character relationships, character interaction, character development,

14  character idiosyncrasies assigned to the same respective roles in each of the

15  episodes").

16      The Complaint contains no facts regarding TWDC's alleged copying of

17  "MIXED" or involvement with the *mixed-ish* television series. Plaintiff does not

18  allege that he sent "MIXED" to, or had any interactions with, TWDC (or any other

19  entity Defendant). Plaintiff alleges only that TWDC wholly owns ABC Network

20  and Disney ABC Studios. *See* Compl. ¶¶11, 12.

21      Plaintiff's Second Cause of Action for Conversion is premised on the same

22  allegations as the First Cause of Action for Copyright Infringement. Plaintiff

23  alleges that he created "an intellectual property named MIXED" and that

24  "Defendants stole the MIXED comedy series from Plaintiff and converted the

25  same to their own use, as if they created the concept for what is now known as

26  MIXED-ISH." Compl. ¶¶40, 45. Plaintiff asserts that "[t]he creation and depiction

27  of the bi-racial female character" in *mixed-ish* "is blatant plagiarism and

misappropriation and theft of Plaintiff's original female character (Samantha Hoffman) behavior, lifestyle and depiction." *Id.* ¶47.

Finally, although not delineated as a cause of action in the body of the Complaint, Plaintiff claims that "Defendants, among other things falsely represented that the script depicting various characters in MIXED-ISH was written and created by Kenya Barris, Peter Saji, and Tracee Ellis Ross, when in fact they acted more like a crude transcription service merely redrafting Plaintiff's depiction of the character Samantha Hoffman from the series MIXED." Compl. ¶54.

## B.   Judicially Noticeable Facts and the Works Incorporated by Reference into the Complaint

In ruling on a motion to dismiss, a court properly considers matters that are judicially noticeable and documents incorporated into the complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"), *cited in Dunn v. Castro*, 621 F.3d 1196, 1205 n. 6 (9th Cir. 2010). The court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

In ruling on motions to dismiss in copyright cases, courts have taken judicial notice that the U.S. Copyright Office has or has not granted a copyright registration for a work to the plaintiff. *See, e.g., Ricketts v. Haah*, 2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013) (taking judicial notice that "according to the Copyright Office database, Plaintiffs have not registered any copyrights"). Such facts are the proper subject of judicial notice because they are matters of public record. *See Mir*

*v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss").

Courts also routinely deem as incorporated by reference, and/or take judicial notice of, the allegedly infringed and allegedly infringing works on motions to dismiss. *See Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018, at *2 (C.D. Cal. July 7, 2017) ("Courts in the Ninth Circuit have applied this legal standard to resolve motions to dismiss copyright claims, allowing defendants to introduce the copyrighted work and the infringing work that were not included but referenced in the complaint.") (collecting cases), *aff'd*, 771 F. App'x 756 (9th Cir. 2019); *see also* cases cited *infra* at 23-24 n. 3. "In copyright infringement actions, the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings." *Peter F. Gaito Arch., LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (Rule 12(b)(6) dismissal; citation and quotations omitted).

### 1.   The Copyright Office Has Not Granted Registrations to Plaintiff for "MIXED" Episodes 2 Through 5

Plaintiff purports to assert a claim for copyright infringement of all five episodes of "MIXED." However, the Copyright Office has *not* granted copyright registrations to Plaintiff for Episodes 2 through 5. As further discussed in TWDC's Request for Judicial Notice ("RJN"), this fact is the proper subject of judicial notice, because it can be accurately and readily determined from the Copyright Office's public records. TWDC has submitted as RJN Exhibits A through G true and correct copies of the Copyright Office's records, which establish that PA 2-265-745—the only registration number cited in the Complaint—covers only Episode 1 of "MIXED" (a video of approximately 6 and synopsis), and that the Copyright Office has not granted registrations for Episodes 2 through 5. *See* Declaration of Elaine K. Kim in Support of RJN ¶¶2-9.

### 2. **"MIXED" Episode 1 and** *mixed-ish*

As further discussed in the RJN, the contents of "MIXED" Episode 1 and *mixed-ish* are also properly considered by the Court, because they are incorporated by reference into the Complaint and are also judicially noticeable. *E.g.*, *Thomas v. Walt Disney Co.*, 2008 WL 425647, at *2 n. 1 (N.D. Cal. Feb. 14, 2008) (taking judicial notice of copyright deposit of plaintiff's work on file with Copyright Office, and defendant's motion picture), *aff'd*, 337 F. App'x 694 (9th Cir. 2009). TWDC has submitted as RJN Exhibit F a true and correct copy of the Copyright Office's deposit copy of Plaintiff's "MIXED" Episode 1, Registration number PA 2-265-745.[1] TWDC has submitted as RJN Exhibit H a true and correct copy of *mixed-ish* Season 1. *See* Declaration of Celeste de los Santos in support of RJN.

### a. **"MIXED" Episode 1**

The deposit copy for Registration number PA 2-265-745 (RJN Ex. F) consists of "MIXED" Episode 1, which is about 6 minutes in length, and a one-page synopsis. As stated in the synopsis, "MIXED" "is a single-camera comedy about Samantha Hoffman (Vanessa Simmons), a bi-racial conservative who moves back home with her liberal parents after obtaining her master's degree."

Episode 1 opens with interviews of Samantha and her parents, Florence and Frank. To her father's dismay, Samantha declares that just because she is African-American does not mean she has to vote "Democrat"—or as she calls them, "libertards." Samantha explains to the camera that she is a conservative; she wants her taxes low, loves the Lord, and plans on abstaining from sex until marriage.

In the next scene, Frank, Samantha, and Florence arrive in the parking lot of Florence's entertainment agency. Florence is a top agent, and Samantha is now reluctantly going to be working for her. Samantha disapproves of her mother's

---

[1] The copyright registration for PA 2-265-745 states the title of the work as "Mixed – Episode 1." *See* RJN Ex. B.

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

wild ways, remarking that the last thing she remembers is Florence trying to convince her to take a tequila shot off of Florence's navel.

There is immediate hatred between Samantha and Florence's assistant, Amy. Amy tells the camera she is not threatened by Samantha because Samantha is Black and the town is supposed to be run by white liberal women like Amy. Samantha claims to Amy that she has tons of valuable work experience, but a flashback reveals that this experience consists of working on Romney's 2012 campaign. The flashback shows the campaign team leader referring to women as "ovaries" and to Samantha as "Beyoncé," but Samantha does not seem to mind.

Amy is interested in a new coworker, Milton Sneed. It turns out that Samantha knows Milton from a long time ago, and Florence—who thinks her daughter needs to have fun—has hired him specifically for Samantha. However, Samantha thinks of Milton as a brother and says that she is interested in success, not romance. Episode 1 ends with interviews of Samantha and her parents, in which Samantha comments that she does not believe in Obamacare.

### b.   _mixed-ish_

_Mixed-ish_ (RJN Ex. H) tells the story of a girl named Rainbow "Bow" Johnson, her two younger siblings Johan and Santamonica, and their parents Paul and Alicia. Season 1 consists of 23 episodes, each about 20 minutes long.[2]

Episode 1, titled "Becoming Bow," opens with Bow as an adult with her husband and children. Bow's husband wants the kids to watch a 1980s movie called _Breakin'_. Bow has never seen it, which leads to talk about her upbringing in a commune. Her husband asks how she ever survived her childhood. The question prompts a shift to 1985, when Bow is twelve years old and living blissfully in the commune where racism and sexism do not exist. However, that summer, her life changes forever when the commune is raided by the government, and the family

---

[2] Plaintiff's claim appears to be focused on Episode 1 of _mixed-ish_. TWDC has submitted the entirety of Season 1 solely for completeness.

1    has to move into a rental property owned by Paul's father Harrison in the "real

2    world" of Reagan-era America.

3        Bow's idealistic hippie parents, Paul and Alicia, tell the children that if they

4    stay true to who they are, they won't even notice they have left the commune. To

5    support the family, Alicia, who has a law degree, aspires to look for a firm where

6    she can try meaningful cases, and Paul wants to grow food to sell. Meanwhile, the

7    three kids go to their new school. They discover that the cafeteria is divided into

8    two sides—"Black Kids" and "White Kids"—and are confronted with the question,

9    "What are you weirdos mixed with?" They learn from their parents that having a

10   white dad and a Black mom is not necessarily the norm. Alicia's sister Denise

11   thinks that Alicia and Paul are not preparing the kids well for the real world.

12       Alicia, Johan, and Santamonica decide to adapt. Alicia joins the plaintiff-

13   side law firm owned by Harrison. Johan dresses like a B-boy and joins the "Black

14   table," while Santamonica dresses like Madonna and joins the "White table." Bow

15   and Paul become upset with these changes. But Alicia tells Paul that whereas he

16   can be the way he is anywhere in the world, she cannot do that because outside the

17   commune, she is a Black woman. Paul realizes he has been holding Bow back, and

18   that they need to adapt, too. Paul and Alicia tell Bow that whatever she does, they

19   will not think she is giving up on either of them.

20       Over the course of the season, the Johnson family learns to thrive in their

21   new world outside the commune, while keeping true to their progressive values.

22   For example, in Episode 2, Bow befriends a Latina classmate and starts her own

23   cafeteria table with her and Bow's younger siblings.

24   **III.   LEGAL STANDARDS**

25       A complaint must be dismissed pursuant to Rule 12(b)(6) unless it provides

26   sufficient facts that, if "accepted as true, . . . 'state a claim to relief that is plausible

27   on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

28   *v. Twombly*, 550 U.S. 544, 570 (2007)). This is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A claim must also be dismissed if it is not legally viable. *See id.* at 676-77, 682-83 (claim of supervisory liability failed as a matter of law); *see Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984) ("A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.").

When, as here, a plaintiff is proceeding *in forma pauperis*, the governing statute provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that . . . the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B) (emphasis added). The pleading standard to avoid dismissal under § 1915(e)(2)(B)(ii) is similar to that of Rule 12(b)(6). *See, e.g.*, *Suess v. Obama*, 2017 WL 1371289, at *1 (C.D. Cal. Mar. 10, 2017). The Court may also dismiss claims that are frivolous because they are "'based on an undisputably meritless legal theory'" or "clearly baseless" factual contentions. *Id.* at *2 (dismissing case with prejudice as "there is no reason to believe that the factual allegations could be remedied through more specific pleadings as the claims are inherently frivolous").

## IV.   THE FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT FAILS FOR SEVERAL REASONS

To state a claim for copyright infringement, Plaintiff must allege facts that (1) he owns a valid copyright; and (2) TWDC copied protected aspects of his expression. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018), *overruled on other grounds by Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). The second requisite element "has two distinct components: 'copying' and 'unlawful appropriation.'" *Id.* at 1117. For copying, Plaintiff must allege facts plausibly showing that TWDC had access to his work, and that the works at issue share similarities probative of copying. *See id.*

For unlawful appropriation, Plaintiff must "show that [defendants] copied enough of [his work's] protected expression to render their works 'substantially similar.'" *Rentmeester*, 883 F.3d at 1118. The inquiry of whether a plaintiff has plausibly pled unlawful appropriation "requires [the court] to assess similarities . . . as reflected in the objective details of the two works" under the extrinsic test. *Id.* at 1121. "[T]he extrinsic test's application may be decided by the court as a matter of law" on a motion to dismiss. *Id.* at 1118. Where the works are not substantially similar under the extrinsic test, courts will dismiss copyright infringement claims with prejudice under Rule 12(b)(6). *See id.* at 1123 (rejecting the plaintiff's argument that substantial similarity should not be assessed at the pleading stage; "[d]ismissal is appropriate here because the [works] are properly before us and thus 'capable of examination and comparison,'" and "[n]othing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar to [plaintiff's work]"); *Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Gadh v. Spiegel*, 2014 WL 1778950, at *3 (C.D. Cal. Apr. 2, 2014) ("For fifty years, courts have followed this rather obvious principle and dismissed copyright claims that fail from the face of the complaint (and in light of all matters properly considered on a motion to dismiss).").[3]

---

[3] *See also, e.g., Masterson v. Walt Disney Co.*, 2019 WL 2879877 (C.D. Cal. May 8, 2019), *aff'd*, 821 F. App'x 779, 780-81 (9th Cir. 2020) (book/script and film; "[t]he district court did not err by considering substantial similarity in a motion to dismiss even though the works at issue are literary works" and without expert discovery); *Astor-White v. Strong*, 2019 WL 3017684 (C.D. Cal. June 14, 2019), *aff'd*, 817 F. App'x 502 (9th Cir. 2020) (treatment and television series); *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635027 (C.D. Cal. Nov. 8, 2017), *aff'd*, 768 F. App'x 732 (9th Cir. 2019) (treatment/artwork and film); *Fillmore v. Blumhouse Prods., LLC*, 2017 WL 4708018 (C.D. Cal. July 7, 2017), *aff'd*, 771 F. App'x 756 (9th Cir. 2019) (manuscript and film); *Abdullah v. Walt Disney Co.*, 2016 WL 5380930 (C.D. Cal. Mar. 14, 2016), *aff'd*, 714 F. App'x 758 (9th Cir. 2018) (book and film); *Shame On You Prods., Inc v. Elizabeth Banks*, 120

1    Here, Plaintiff's claim that *mixed-ish* infringes "MIXED" Episodes 2

2  through 5 fails as a matter of law and is frivolous because Plaintiff cannot allege

3  the threshold element of ownership of a valid copyright. Plaintiff's claim that

4  *mixed-ish* infringes "MIXED" Episode 1 fails as a matter of law and is frivolous

5  because he has not alleged, and cannot allege, copying or unlawful appropriation.

6      **A.**    **Plaintiff Cannot State a Claim for Infringement of "MIXED"**

7           **Episodes 2 Through 5**

8    Plaintiff's claim for copyright infringement of "MIXED" Episodes 2 through

9  5 should be dismissed because he does not have a copyright registration for these

10  works. Dismissal should be without leave to amend because Plaintiff cannot

11  remedy this defect through a post-filing registration and amendment.

12    A copyright plaintiff "must plausibly allege [he] owns a valid copyright

13  registration for [his] work." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d

14  946, 951 (9th Cir. 2019). This is a precondition for commencing an action for

15  infringement because the Copyright Act provides, with certain exceptions

16  inapplicable here, that "no civil action for infringement of the copyright in any

17  United States work shall be instituted until preregistration or registration of the

18  copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

19  _____

20  F. Supp. 3d 1123 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519 (9th Cir. 2017)
(screenplay and film); *Silas v. Home Box Off., Inc.*, 201 F. Supp. 3d 1158 (C.D.

21  Cal. 2016), *aff'd*, 713 F. App'x 626 (9th Cir. 2018) (screenplay and television
show); *Edwards v. Cinelou Films, LLC*, 2016 WL 9686986 (C.D. Cal. June 22,

22  2016), *aff'd*, 696 F. App'x 270 (9th Cir. 2017) (script/trailer and film); *Heusey v.
Emmerich*, 2015 WL 12765115 (C.D. Cal. Apr. 9, 2015), *aff'd*, 692 F. App'x 928

23  (9th Cir. 2017) (screenplay and film); *Basile v. Sony Pictures Entm't Inc.*, 2014
WL 12521344 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017)

24  (literary/artistic works and film); *Schkeiban v. Cameron*, 2012 WL 5636281 (C.D.
Cal. Oct. 4, 2012), *aff'd*, 566 F. App'x 616 (9th Cir. 2014) (book/screenplay and

25  film); *White v. Twentieth Century Fox Corp.*, 2012 WL 13008330 (C.D. Cal. Apr.
11, 2012), *aff'd*, 572 F. App'x 475, 477 (9th Cir. 2014) (screenplay and

26  films/television; claim failed despite over 100 alleged similarities); *Van v.
Cameron*, 2011 WL 13121346 (S.D. Cal. Sept. 26, 2011), *aff'd*, 566 F. App'x 615

27  (9th Cir. 2014) (novel and film); *Wild v. NBC Universal, Inc.*, 2011 WL 13272427
(C.D. Cal. June 28, 2011), *aff'd*, 513 F. App'x 640 (9th Cir. 2013) (graphic novel

28  and television series); *Thomas v. Walt Disney Co.*, 2008 WL 425647 (N.D. Cal.
Feb. 14, 2008), *aff'd*, 337 F. App'x 694 (9th Cir. 2009) (literary work and film).

In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), the Supreme Court held that a plaintiff must have a competed registration: "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Id.* at 892. The completed registration must be obtained prior to filing the action: ". . . [R]egistration is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Id.* at 887.

The Copyright Office's records reflect that it has not granted Plaintiff copyright registrations for Episodes 2 through 5 of "MIXED." *See* RJN Exs. A-G. Because Plaintiff cannot allege ownership of a valid copyright registration in "MIXED" Episodes 2 through 5, his First Cause of Action for infringement of these works must be dismissed. *See Fourth Estate*, 139 S. Ct. at 887, 892 (affirming Eleventh Circuit's judgment affirming dismissal of complaint).

Plaintiff cannot cure this defect by now obtaining registrations and amending the Complaint. "[P]ermitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*," and is contrary to 17 U.S.C. § 411(a)'s requirement that registration be made before instituting the action. *Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019).[4]

Accordingly, Plaintiff's First Cause of Action for copyright infringement of "MIXED" Episodes 2 through 5 should be dismissed without leave to amend.

---

[4] *See also UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) (plaintiff who filed suit before obtaining a copyright could not "cure that defect by amending the complaint *after* the Copyright Office completed registration of the copyright"); *Malibu Media, LLC v. Doe*, 2019 WL 1454317, at *1 (S.D.N.Y. Apr. 2, 2019) ("a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment").

**B.**     <u>**Plaintiff Has Not Plausibly Stated Any Claim Against TWDC**</u>

Although Plaintiff has registered "MIXED" Episode 1, he has failed to state a claim against TWDC because he has not alleged any facts plausibly showing that TWDC "copied protected aspects of" his work. *Rentmeester*, 883 F.3d at 1116-17.

Plaintiff has failed to allege facts that TWDC engaged in any misconduct, let alone "plead[] factual content that allows the court to draw the reasonable inference that [TWDC] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Complaint contains no facts whatsoever regarding TWDC other than that it is a "Delaware Corporation, a multinational media and entertainment conglomerate headquartered at 500 South Buena Vista Street, Burbank, California 91521," and wholly owns "ABC Network" and "ABC Disney Studios." Compl. ¶¶11-13. Plaintiff's allegation that "Defendants, and each of them," copied is insufficient. *See In re iPhone Application Litig*., 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (plaintiff must plausibly allege claim as to each defendant and "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole").

Furthermore, Plaintiff's naked assertion that Defendants copied "MIXED," including its themes, plot, dialogue, sequence of events, and characters (Compl. ¶49) is woefully insufficient. *See Evans v. McCoy-Harris*, 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019) (conclusory statements that defendants' work contained "portions" of plaintiff's work, with no allegations "establishing the protectable elements of the infringed works" or attempting "to compare the copyrightable elements of [the] works," "do not satisfy *Iqbal*'s pleading standard"); *Fuzzy Logic Prods., Inc. v. Trapflix, LLC*, 2015 WL 12791508, at *4 (C.D. Cal. Nov. 20, 2015) ("[C]onclusory allegations, which rely on unprotectable elements like the identity of the actors, the documentary film style, and location of the film, do not allege sufficient facts to state a plausible claim for copyright infringement.").

Plaintiff has failed to state any claim against TWDC.

**C.** **In Any Event, Plaintiff Cannot State a Claim for Infringement of "MIXED" Episode 1**

Amendment would be futile because it is obvious from the works that Plaintiff cannot plead that any Defendant copied "enough of [his work's] protected expression to render the[] works 'substantially similar.'" *Rentmeester*, 883 F.3d at 1117-18. Indeed, the works do not even share probative similarities, precluding any reasonable inference of copying. *See Sprewell*, 266 F.3d at 988 (on a motion to dismiss, a court need not accept "unwarranted deductions of fact, or unreasonable inferences"); *Adams v. Warner Bros. Pictures Network*, 2007 WL 1959022, at *4 (E.D.N.Y. June 29, 2007) (granting motion to dismiss where there was no probative similarity between the works, "and, therefore, the works are not similar enough to support an inference that the Defendants copied Adams' Design"), *aff'd*, 289 F. App'x 456 (2d Cir. 2008).

Plaintiff claims that *mixed-ish* copied his "concept of a bi-racial female returning home to reside with conservative parents after completion of college." Compl. ¶31. However, by his own allegations, his work did not have this concept; rather, his work is about a conservative biracial female returning home to reside with her *liberal* parents. *Id*. ¶¶1, 21. In any event, in *mixed-ish*, the biracial female character, Rainbow Johnson, is not returning home to reside with her parents at all. She is a twelve-year-old girl who moves *with her parents* out of a commune. In another contradictory allegation, Plaintiff alleges that *mixed-ish* copied his concept of "the female lead moving back in with her conservative father-in-law after receiving her law degree." *Id*. ¶6. However, that concept is not in Plaintiff's work. Samantha in "MIXED" Episode 1 is not married, does not have a father-in-law, and her parents are liberal. There is no similarity. *See Attia v. Soc'y of the N.Y. Hosp*., 201 F.3d 50, 58 (2d Cir.1999) ("Where, as here, a defendant's work is dissimilar in the very respects in which it is claimed to be similar, that can

1    obviously influence the conclusion as to whether the claimed similarity in fact

2    exists or is substantial.").

3         Plaintiff cannot plead the element of unlawful appropriation because *mixed-*

4    *ish* is, as a matter of law, not substantially similar in protected expression to

5    "MIXED" Episode 1 under the extrinsic test. "The extrinsic test assesses the

6    objective similarities of the two works, focusing only on the protectable elements

7    of the plaintiff's expression" and filtering out unprotectable elements such as

8    "ideas and concepts, material in the public domain, and *scènes à faire*."

9    *Rentmeester*, 883 F.3d at 1118. In cases involving television shows, the extrinsic

10   test considers the specific expressive elements in the plot, themes, dialogue,

11   characters, setting, mood, pace, and sequence of events. *See id.* at 1118-19 (citing

12   *Funky Films, Inc. v. Time Warner Entm't Co.*, *L.P.*, 462 F.3d 1072, 1077 (9th Cir.

13   2006), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

14        Here, it is clear that there is no substantial similarity under the extrinsic test.

15        **Plot.** A court will "look[] beyond the vague, abstracted idea of a general

16   plot" when assessing similarities. *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir.

17   1985). Thus, even if two works "share the same basic plot premise" (which is not

18   the case here), the claim fails as a matter of law if "a closer inspection reveals that

19   they tell very different stories." *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620,

20   625 (9th Cir. 2010), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

21        Plaintiff claims ownership of the concept of a conservative biracial female

22   who returns home to reside with her liberal parents after college. However, such

23   "basic plot ideas" are "not protected by copyright law." *Cavalier v. Random*

24   *House, Inc.*, 297 F.3d 815, 823-24 (9th Cir. 2002) ("general premise of a child,

25   invited by a moon-type character, who takes a journey through the night sky and

26   returns safely to bed to fall asleep" is unprotectable); *Marcus v. ABC Signature*

27   *Studios, Inc.*, 279 F. Supp. 3d 1056, 1066 (C.D. Cal. 2017) (allegedly similar plot

28   in the television show *black-ish*—about "an upwardly mobile African American

family moving into and living amongst a predominately white neighborhood and the perceptions of the family by and between themselves and their neighbors and co-workers"—is a "'basic plot idea . . . not protected by copyright law'").[5]

Moreover, as discussed, Plaintiff's allegations mischaracterize the works. In *mixed-ish*, a conservative biracial female does not return home to reside with her liberal parents after college. Rather, a pre-teen girl and her entire family move out of the commune into a rental home owned by her grandfather. As is clear from even the brief summaries above, *mixed-ish* and "MIXED" Episode 1 tell drastically different stories. There is no similarity—let alone substantial similarity—in plot.

***Sequence of Events.*** There is no similarity in sequence of events. "MIXED" Episode 1 starts with interviews of Samantha and her parents; depicts Samantha arriving at the entertainment agency, interacting with her mother's assistant, and seeing the man with whom her mother is trying to set her up; and then ends with more interviews. By contrast, *mixed-ish* starts with Rainbow Johnson as an adult with her husband and children in the present day. It then shifts to Bow's life in the commune in 1985, depicts the raid, shows the family in their new home, and then has scenes of the children at school and Alicia at the law firm. The events, and the sequences, are nothing alike. *See Cavalier*, 297 F.3d at 823 (works did not "share any detailed sequence of events").

---

[5] Works with far more similarities have been held to lack substantial similarity as a matter of law. *See, e.g.*, *Funky Films*, 462 F.3d at 1077-78, 1081 (works in which a father who operated family-run funeral home dies and the two sons take over; the older brother initially has no interest, was estranged but moves home from a distant city, and is creative in contrast to his younger conservative brother; the business is financially fragile; a rival funeral home attempts to take over but fails; and the younger brother changes his church affiliation to increase client base); *Berkic*, 761 F.2d at 1293 ("No one can own the basic idea for a story" about "the adventures of a young professional who courageously investigates, and finally exposes, [a] criminal organization" that "murder[s] healthy young people, then remove[s] and sell[s] their vital organs to wealthy people in need of organ transplants"); *Anderson v. Paramount Pictures Corp.*, 617 F. Supp. 1 (C.D. Cal. 1985) (works about a wager between two wealthy friends over whether an uneducated man can be made to pass as a successful businessman, both of which featured a beggar pretending to be blind by walking with dark glasses and a cup, a scene where the bettors bribe the man to enter their limousine, and references to Harvard and Russians).

***Themes.*** The theme of "MIXED" Episode 1 relates to being a politically conservative African-American. That is not a theme in *mixed-ish*, as neither Bow nor her parents are politically conservative. Any broad similarity flowing from the topics of politics and race is not protectable. *See Benay*, 607 F.3d at 627 (general themes of "fish out of water" and the clash between modernization and traditions not protectable because they arise naturally from the plot premise).

***Dialogue.*** "[E]xtended similarity of dialogue [is] needed to support a claim of substantial similarity[.]" *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1450 (9th Cir. 1988). Plaintiff does not identify any similarity in dialogue, and there is none.

***Characters.*** "'The bar for substantial similarity in a character is set quite high.'" *Heusey*, 2015 WL 12765115, at *9; *Silas*, 201 F. Supp. 3d at 1177. Similarities "at the abstract level," *Funky Films*, 462 F.3d at 1078, and traits that "flow naturally from" the plot premise are not protected, *Benay*, 607 F.3d at 626.

Samantha Hoffman in "MIXED" is not similar to either Rainbow or Alicia Johnson in *mixed-ish*, even on an abstract level. As described in Plaintiff's synopsis, Samantha is "in her early-20s," and "her clothes and manner in public are just as conservative as her political affiliations." While "Sam loves her parents," she "finds them annoying, especially her mother who always meddles in her love life and tries to get her to loosen up." RJN Ex. F. Rainbow is entirely different. She is a pre-teen, and has no political affiliations. She dresses and thinks like a hippie, having grown up in a commune. She does not find her parents annoying, but has a very close relationship to them, and her parents do not try to meddle in her "love life" or get her to loosen up. Being biracial is not a protectable trait. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 916 (9th Cir. 2010) ("age, race, ethnicity" are "unprotectable ideas"); *Tanksley v. Daniels*, 902 F.3d 165, 175 (3d Cir. 2018) ("an African-American, male record executive" is "unprotectable"); *Silas*, 201 F. Supp. 3d at 1179 ("similarities between the two characters (they are both

MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND

Mitchell
Silberberg &
Knupp LLP
13360201.4

fashionably-dressed, Latin-American women who are cheated on by their football-player lover) are not similarities in *protectible* elements").

Alicia has virtually nothing in common with Samantha. Alicia is married with three young children. She is a liberal hippie, not a conservative. She has not just completed college or law school; she met Paul at Berkley Law before Bow was born. *See* RJN Ex. H (Episode 1, 5:03-31). Nor is Alicia similar to Samantha's mother Florence in "MIXED," a white woman with a British accent "in her early-40's" and a "top-agent in the entertainment industry." RJN Ex. F (Synopsis). Florence "has always been repulsed by the effects birthing Sam had on rher [sic] body" (*id.*) and is a wild partier. Alicia is not a wild partier in the slightest and chose to live in a commune for many years to raise her children. *See Alexander v. Murdoch*, 2011 WL 2802899, at *10 (S.D.N.Y. May 27, 2011) ("a stunningly beautiful, fiery, temperamental, Latina mother, with a thick accent, who's in love with her Caucasian [ex-husband/husband] and always makes him do the right thing, especially where her son is concerned" "is a stock character and therefore not copyrightable").

Plaintiff does not allege any substantial similarity regarding any other characters, as there is none. Furthermore, there are many key characters in "MIXED" with no alleged counterparts in *mixed-ish*, and vice versa, including Milton Sneed in "MIXED" and Johan, Santamonica, Harrison, and Denise in *mixed-ish*. *See Funky Films*, 462 F.3d at 1078-79 (emphasizing that several key characters in defendants' work were "[c]ompletely missing" from plaintiff's).

***Setting.*** "MIXED" Episode 1 is set in the 2010s, and takes place at Florence's entertainment agency, apparently in Orange County, California. On the other hand, *mixed-ish* is set in the 1980s, and takes place largely at the Johnsons' new home, the children's school, and Harrison's law firm. There is no similarity even in general setting. *See Funky Films*, 462 F.3d at 1080 (general setting of "a contemporary, family-run funeral home" not protectable; the settings were not

**MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND**

substantially similar in objective details); *Marcus*, 279 F. Supp. 3d 1056, 1071
(C.D. Cal. 2017) ("Even if both works were set in Los Angeles, this similarity
would not be protectable under copyright law."); *see also Carlini v. Paramount
Pictures Corp.*, 2021 WL 911684, at *13 (C.D. Cal. Feb. 2, 2021)
("'[C]ommonplace settings such as houses, front yards, offices, restaurants,
interiors of cars, and so on,' without more, cannot show substantial similarity.").

  **Mood.** The mood of *mixed-ish* is upbeat, warm, and family-oriented. It has a
nostalgic bent, with retrospective narration by Rainbow as an adult looking back
fondly her childhood. "MIXED" Episode 1, on the other hand, is not a coming-of-
age story, but a story about adults. It is edgier and has no nostalgic feel. The moods
are substantially different. *See Olson*, 855 F.2d at 1451 (while "[b]oth shows may
be broadly described as comic," that is generic and does "not demonstrate
substantial similarity").

  **Pace.** The works are very different in pace as well. "MIXED" Episode 1
shows the events that occur in a single day in quick succession. By contrast, *mixed-
ish* Episode 1 shows Bow as an adult, her time in the commune, and then the
multiple days after the family's move. The episode cuts back and forth between
scenes involving different members of the Johnson family. There is no similarity in
pace. *See Shame on You*, 120 F. Supp. 3d at 1161-62 (pace not substantially similar
where one work takes place over three days, and the other over a day; in any event,
"'[t]he bare concept of a pace that is "fast but not frenetic" is unprotectable'").

  In sum, *mixed-ish* is not substantially similar to "MIXED" Episode 1 under
the extrinsic test. Plaintiff thus cannot state a claim for copyright infringement.

  Plaintiff cannot state a claim for "Equitable Relief-Right of Attribution"
(Compl. ¶34) for the same reasons. In addition, the claim fails as a matter of law
because "[t]he law is clear with respect to the right of attribution under Copyright
Act – only works of visual arts may enjoy the right of attribution." *Lahiri v.
Universal Music & Video Distribution Corp.*, 2006 WL 6030551, at *3 (C.D. Cal.

Mar. 24, 2006). "MIXED" Episode 1 is not a work of visual art, because it is not "a painting, drawing, print, or sculpture" or "still photographic image produced for exhibition purposes only," existing in a single copy or in a limited edition of 200 copies or fewer. 17 U.S.C. § 101.

Plaintiff's First Cause of Action should therefore be dismissed.

## V.    THE SECOND CAUSE OF ACTION FOR CONVERSION IS PREEMPTED BY THE COPYRIGHT ACT

Plaintiff's Second Cause of Action for Conversion, which merely asserts that Defendants used his intellectual property without his authorization, is preempted by the Copyright Act. The Second Cause of Action thus fails to state a claim for relief and is frivolous, and should be dismissed.

The Copyright Act provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a). Section 301(a)'s purpose is to "preempt and abolish any rights under the common law or statutes of a State that are equivalent to copyright and that extend to works, within the scope of the Federal copyright law." *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1137 (9th Cir. 2006) (quoting H.R. Rep. No. 94-1476 at 130 (1976)). This Circuit applies a two-pronged test to determine whether a state law claim is preempted by Section 301(a). First, the court determines whether the "subject matter" of the state law claim falls within the "subject matter of copyright" as described in Sections 102 and 103 of the Copyright Act. *See Laws*, 448 F.3d at 1139. Second, the court "must determine

1   whether the rights asserted under state law are equivalent to the rights contained in

2   17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Id*.

3          Both prongs of the preemption test are met here. The first prong is satisfied

4   because "MIXED" falls within the "works of authorship" that may receive

5   copyright protection, *i.e.*, "literary works . . . dramatic works . . . [and] motion

6   pictures and other audiovisual works." 17 U.S.C. § 102. The second prong is met

7   because the rights asserted in Plaintiff's conversion claim are equivalent to

8   copyright—the exclusive right to reproduce, adapt, distribute, and perform a work.

9   *See* Compl. ¶45 (alleging Defendants "stole the MIXED comedy series from

10  Plaintiff and converted the same to their own use"), ¶51 (claiming Defendants

11  "never sought or obtained Plaintiffs' permission to copy, duplicate, perform,

12  exploit or otherwise use Plaintiffs' work").

13         Because Plaintiff's conversion claim is preempted by the Copyright Act, it

14  fails to state a claim as a matter of law, and should be dismissed. *See Hoff v. Walt*

15  *Disney Pictures*, 2019 WL 6329368, at *5 (C.D. Cal. Aug. 19, 2019) (dismissing

16  conversion claim premised on allegation that "Defendants substantially interfered

17  with Plaintiff's property by knowingly and/or intentionally stealing Plaintiff's plot,

18  characters, and ideas and releasing their movie *Zootopia*, claiming it to be their

19  own creation" because claim was preempted by Copyright Act); *Adams v.*

20  *Paramount Pictures Corp.*, 2009 WL 10671572, at *4 (C.D. Cal. Jan. 6, 2009)

21  ("[C]ourts in the Ninth Circuit have consistently held that claims for conversion of

22  copyrightable works are preempted by the Copyright Act.") (citing cases).

23  **VI.    PLAINTIFF'S CLAIM OF FALSE REPRESENTATION IS BARRED**

24  **         BY *DASTAR* AND PREEMPTED BY THE COPYRIGHT ACT**

25         Plaintiff's claim that Defendants falsely represented the true source of

26  *mixed-ish* fails as a matter of law because it is barred by the Supreme Court's

27  decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23

28  (2003), and is preempted by the Copyright Act.

In *Dastar*, the plaintiffs alleged that Dastar had taken the Crusade television series and "copied it, made modifications (arguably minor), and produced its very own series of videotapes" called Campaigns. 539 U.S. at 31. The plaintiffs claimed that "in marketing and selling Campaigns as its own product without acknowledging its nearly wholesale reliance on the Crusade television series," Dastar made a false designation or origin, or a false or misleading representation of fact under the Lanham Act. *Id.* The Supreme Court held that this claim failed as a matter of law, because it conflicted with copyright law, which specifically addresses the right to copy. *See id.* at 34. Congress also addressed the express right of attribution in The Visual Rights Act of 1990, and "carefully limited and focused" the right to attach only to specified works of visual art. *Id.* at 34-35.

Like the plaintiffs in *Dastar*, Plaintiff claims that "[i]n engaging in the acts complained of herein, Defendants, among other things falsely represented that the script depicting various characters in MIXED-ISH was written and created by Kenya Barris, Peter Saji and Tracee Ellis Ross, when in fact they acted more like a crude transcription service merely redrafting Plaintiff's depiction of the character Samantha Hoffman from the series MIXED." Compl. ¶54. Plaintiff claims that "[i]n engaging in the acts complained of herein, Defendants among other things, also failed to properly credit Plaintiff as the author and/or copyright holder." *Id.* ¶55.[6] Plaintiff's claim of false representation is precluded by *Dastar*.

The claim is also preempted by the Copyright Act, 17 U.S.C. § 301(a). As discussed above, "MIXED" falls within the subject matter of copyright. Plaintiff's claim is also equivalent to his copyright claim. *See* Compl. ¶54 (alleging that "*[i]n engaging in the acts complained of herein*, Defendants, among other things falsely represented . . . .*") (emphasis added). Plaintiff's claim merely alleges that Defendants copied and distributed "MIXED" as *mixed-ish* without attributing him.

_____

[6] The caption page of the Complaint labels this claim "fraud," but Plaintiff's allegations make clear that he did not rely on any representation that *mixed-ish* was created by Kenya Barris and others.

This is equivalent to Plaintiff's claim for copyright infringement and "Equitable Relief-Right of Attribution." Plaintiff's false representation claim is preempted by the Copyright Act. *See Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 713 F. Supp. 2d 215, 220 (S.D.N.Y. 2010) (claims under state consumer fraud and deceptive business statutes premised on a theory of reverse passing off, *i.e.* selling plaintiff's product as its own, were preempted by Copyright Act because the claims "ultimately 'rest [ ] on the mere act of unauthorized copying'"); *cf. Rimini St., Inc. v. Oracle Int'l Corp.*, 2017 WL 4227939, at *5 (D. Nev. Sept. 22, 2017) (fraud claims not preempted "*unless* the alleged fraud involves false statements about . . . the authorship or origin of the copyrighted work") (emphasis added).

Therefore, this claim, too, fails as a matter of law and should be dismissed.

## VII. THE ENTIRE ACTION AGAINST ALL DEFENDANTS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

The Complaint should be dismissed without leave to amend. As set forth above, Plaintiff cannot amend to cure his failure to obtain copyright registrations for "MIXED" Episodes 2 through 5 prior to filing this action. He cannot change the content of "MIXED" Episode 1 or *mixed-ish*, or alter the "dispositive fact" that they are not substantially similar in protected expression as a matter of law, so "amending the complaint would . . . be[] futile." *Rentmeester*, 883 F.3d at 1125. And Plaintiff cannot amend to avoid the legal conclusion that his conversion claim is preempted by the Copyright Act, and that his false representation claim is preempted and also precluded by *Dastar. See Hoff*, 2019 WL 6329368, at *6 (copyright preemption was "incurabl[e]"); *Salt Optics, Inc. v. Jand, Inc.*, 2011 WL 13055856, at *6 n.6  (C.D. Cal. Mar. 4, 2011) (no leave to amend; "[n]o amount of refinement in Plaintiff's pleadings will change the fact that the gravamen of Plaintiff's state law claims fall under the purview of the Copyright Act").

Plaintiff's Complaint against TWDC should therefore be dismissed without leave to amend. Moreover, the Court may dismiss the Complaint in its entirety as to all Defendants, even though the other Defendants have not appeared. A district court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants." *Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."). Here, the incurable legal defects discussed above are fatal to Plaintiff's claims against TWDC, as well as all other Defendants.

Accordingly, this Court should dismiss this action in its entirety as to all Defendants, whether served or unserved, without leave to amend.

## VIII. THE COURT SHOULD CERTIFY THAT ANY APPEAL MAY NOT BE TAKEN *IN FORMA PAUPERIS*

Where a claim lacks an arguable basis in either law or fact, the Court may certify in writing that any appeal may not be taken *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see also Montgomery v. Kennerly*, 2013 WL 1209935, at *3 (D. Mont. Mar. 4, 2013) (dismissing complaint with prejudice for failure to state a claim and noting that an appeal of an issue would not be in "good faith" if it lacks any arguable basis in law or fact), *report and recommendation adopted*, 2013 WL 1210562 (D. Mont. Mar. 25, 2013); *Rosado v. Roman*, 2017 WL 3473177, at *7 (D. Or. Aug. 11, 2017) (dismissing copyright infringement claim for failure to state a claim as to "all Defendants, served and unserved," finding that "any appeal from this Order would not be taken in good faith" and revoking plaintiff's IFP status).

For the reasons discussed, Plaintiff's claims lack an arguable basis in fact and law. The Court should certify that any appeal would not be taken in good faith.

## IX.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety, as to all Defendants, without leave to amend. Because the Complaint is frivolous, TWDC also respectfully requests that the Court certify that any appeal would not be taken in good faith and may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

DATED: August 26, 2021                MITCHELL SILBERG & KNUPP LLP

                                      By:   /s/ Elaine K. Kim
                                            Elaine K. Kim
                                            Attorneys for Defendant
                                            The Walt Disney Company