David A. Fisher

fisherthoughts@gmail.com

312 W. 5th St. #209
Los Angeles, CA, 90013

(323)596-1031

David A. Fisher **in Pro Per**
**(Attorney for Plaintiff)**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| David A. Fisher | Case No: 2-21-CV-05839-CBM-KS |
|---|---|
| **Plaintiff** | |
| VS. | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION** |
| Angela Nissel, The Walt Disney Company, E. Brian Dobbins, Kenya Barris, ABC Studios, ABC Television Network | **Hearing Date:** October 5, 2021<br>**Hearing Time:** 10:00 am<br>**Judge:** Consuelo B. Marshall<br>**Place:**    8B |
| **Defendants** | |

## INTRODUCTION

Defendants' Motion to Dismiss states no legally adequate basis for this Court to dismiss Plaintiffs' Complaint. Defendants' Motion is premised upon a mistakenly narrow analysis of the Copyright Act's provisions, and the Plaintiffs' preponderance of the evidence on which the Plaintiffs rely for their claims.

The U.S. Court of Appeals' decision in Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir.1991) clearly establishes that Plaintiff is entitled to relief for The Walt Disney Company's violations of well-established copyright procedures.

The U.S. Court of Appeals emphasizes in Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir.2000), the Defendants' Mixed-ish is so "strikingly similar" to the Plaintiff's copyrighted work "Mixed" that no explanation other than copying is plausible.

# FACTS

On July 15, 2020, the Plaintiff received a personal letter from, Elaine K. Kim the attorney representing defendant The Walt Disney Company, encouraging the Plaintiff not to pursue the Copyright infringement lawsuit due to lack of a Copyright. However, in proof of the copyright infringement of Plaintiff's intellectual property "Mixed," Plaintiff emailed to defendant's attorney Kim on May 10, 2021, a copy of the US Copyright PA 2-265-745 demonstrating registration of the infringed work by Plaintiff since March of 2014, as well as emails and texts messages between defendants Angela Nissel and E. Brain Dobbins with witness Layne Eskridge, showing the obvious copying of the protected elements of Plaintiff's work by the defendants. Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir.1991).

**Standard of Review on a Motion to Dismiss under Rule 12(b)(6)**

A motion to dismiss can only be granted if there is no set of facts that would entitle plaintiffs to a verdict on the claims in issue. Applicable standards state that the facts alleged in the complaint are accepted as true. In addition, all reasonable inferences must be made in favor of plaintiff. MacKethan v. Peat. Marwick. Mitchell & Co., 439 F. Supp. 1090 (E.D. Va. 1977).

Under Ashcroft v. Iqbal, to overcome a motion to dismiss, plaintiffs must have alleged facts in a complaint which also "'state a claim to relief that is plausible on its face.'" Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs' Complaint easily meets these standards and Defendants raise no legally valid arguments to warrant a dismissal.

# ARGUMENT

Plaintiff's Complaint clearly establishes a nexus between Mixed and Mixed-ish as well as credited producers and substantially compensated employees of the ABC Network show Mixed-ish. The many emails and texts from defendants and witnesses starting in the year 2015 support Plaintiff's claims as evidence of not only the copyright infringement of the stated work, but the continued cases of abuse on objective American citizens such as the plaintiff who is willing to contest these infringements within the justice system.

The Defendants erroneously claim that because the US copyright office has not granted registrations to plaintiff for MIXED episodes 2 through 5 and only Mixed episode 1 (the Pilot of the series), that the case should be dismissed. However, the Plaintiff has emails from the US Copyright office stating that even though "Mixed" was originally created as 30-minute episodic serious, airing on Vimeo.com and Fisherthoughts.com in January of 2014, that the Pilot episode would represent the copyright for the entire YouTube series, as it was later

segmented from 30 minutes into 5 smaller episodes. This fact is supported by the 2010 Screen Actors Guild registration and Writers Guild of America registration. SAG-Aftra registration under production number 00350437 as well as the WGA under registration number 1446026.

 Witness Layne Eskridge testifies to defendants, E. Brian Dobbins and Angela Nissel, receiving and modifying not only the "Mixed" written synopsis, and Season 1 Episode outline created by Plaintiff, but an email on April 13, 2015 from Nissel to Eskridge, shows Angela Nissel modifying the "titled Black Republican synopsis" and clearly stating that she planned to keep the main character titled Samantha (lead character of Mixed) and leave in the Boyfriend character. This after the February 19, 2015 email where E. Brian Dobbins packages the MIXED trailer http://www.youtube.com/play, and sends it around Hollywood as "Untitled Black Republican Comedy," before hiring Angela Nissel to re-write the Plaintiff series with Layne Eskridge as a producer. However, On July 2, 2022, witness Eskridge admitted to the Plaintiff that E. Brian Dobbins and Angela Nissel removed Eskridge from the project as producer and continued to develop the series for ABC Disney.

 At the core, the Defendants proffer the idea that wrongdoers can continue to abuse their victims in perpetuity if the victims do not file a lawsuit to right the injustice.  Defendants' proffered idea should be rejected.  The Copyright Infringement by defendants is proven by showing that Mixed-ish is so patently parallel to the copyrighted work "Mixed" that no justification other than

plagiarism is probable.  Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir.2000).

Plaintiffs' claims are not barred under this established law. Therefore, no basis exists to seek dismissal of any of Plaintiffs' causes of action. The Defendants' Motion to Dismiss on the basis of the statute of limitations must be denied.

## CONCLUSION

Plaintiffs demonstrate above that Defendants' Motion to Dismiss should be denied.

Plaintiffs have successfully shown that they are correctly before this Court for the resolution of long years of infringement of copyrighted work.

`/s/` **David A. Fisher**

David A. Fisher
fisherthoughts@gmail.com
in Pro Per Attorney

David A. Fisher

fisherthoughts@gmail.com

312 W. 5th St. #209
Los Angeles, CA, 90013

(323)596-1031

David A. Fisher **in Pro Per**
**(Attorney for Plaintiff)**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David A. Fisher<br>**Plaintiff**<br>VS.<br>Angela Nissel, The Walt Disney Company, E. Brian Dobbins, Kenya Barris, ABC Studios, ABC Television Network<br>**Defendants** | Case No: 2-21-CV-05839-CBM-KS<br>PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO MOTION<br><br>Hearing Date: October 5, 2021<br>Hearing Time: 10:00 am<br>Judge: Consuelo B. Marshall<br>Place: 8B |

   I, David A. Fisher, declare as follows: I am the Plaintiff is the above-entitled case. I have personal knowledge of the facts of this case, and, if called as a witness, I could and would testify thereto. I declare under penalty and perjury the foregoing is true and correct.

   9,1,2021