DAVID FISHER
324 South Beverly Dr. #292
Beverly Hills, California 90212
Telephone: (323) 596-1031
E-mail: fisherthoughts@gmail.com

In Pro Se

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID FISHER,<br><br>      Plaintiff,<br><br>      vs.<br><br>ANGELA NISSEL, E. BRIAN DOBBINS, KENYA BARRIS, ABC STUDIOS, THE WALT DISNEY COMPANY, a Delaware Corporation, and Parent Company of Walt Disney, Walt Disney Television and ABC Television Network, Inc.; AND DOES 1 thru 25, INCLUSIVE.<br><br>      Defendants. | No. 2:21-CV-05839-CBM (KSx)<br><br>**FIRST AMENDED COMPLAINT FOR INFRINGEMENT**<br><br>Date:  December 2, 2021<br>Place: Courtroom 10A<br>      First Street Courthouse<br><br>Honorable Consuelo Marshall, Presiding |

## INTRODUCTION

Plaintiff David A. Fisher is an individual who has spent his adult employment life as a producer in the television and film industry. Plaintiff has been employed at film and television studios, such as, E-Entertainment, BET and OWN.

This case is about the Walt Disney Company's ("TWDC") willful infringement of Plaintiff's original copyrighted expression of themes, settings, dialogue, characters, plot, mood, sequence of events contained in an original television series entitled "**MIXED**" and The Walt Disney Company's creation of television series entitled: "**MIXED-ISH**".

## I.     JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 17 U.S.C. §§101, 501 (claims relating to the Copyright Act), 15 U.S.C. §§ 1125, et. seq, (the Lanham Act), 28. U.S.C. § 1331 ("federal question jurisdiction") and § 1338(a) (actions arising under any Act of Congress relating to copyright claims), in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to copyrights. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

2.     Defendants are subject to personal jurisdiction of the Court because they reside and/or conduct business in the State of California.

3.     Venue is properly laid in this district pursuant to 28 U.S.C. 1400(a) and (b). This Court is a proper venue for this copyright infringement case because (a) the agent for Plaintiff's may be found in the State of California and/or (b) each Defendant does business in the State of California or has otherwise engaged in tortious conduct injuring the Plaintiff in the State of California.

4.     This litigation arises from, inter alia, defendant's wrongful and unjustified theft of intellectual property, and derivative work, entitled "**MIXED**," the larger work contained in the Pilot and segments of the pilot contained in five segments of the whole work or "Pilot" entitled episodes 1-5.

5.     This Court has personal jurisdiction over Defendants because Defendants are doing business in California State and have wrongfully taken the intellectual property ownership rights that were created sole by Plaintiff herein.

On information and belief, Defendants are subject to both specific and general personal jurisdiction. Defendants market and produce a television series by infringing upon the copyright and registration of Plaintiff. Further, on information and belief, each Defendant regularly solicits and conduct business in and/or derives substantial revenue from the participation in various positions on the comedy television series MIXED-ISH. Accordingly, both jurisdiction and venue are proper in this court, pursuant to 28 U.S.C. §§ 1391 AND 1400.

## II.    THE PARTIES

7.     Plaintiff David Fisher is a citizen of the United States and resides in California.

8.     Upon information and belief, Defendant Angela Nissel is a resident of the County of Los Angeles County. She is a writer and producer of ABC's "MIXED-ISH".

9.     Upon information and belief, Defendant E. Brian Dobbins is a resident of the County of Los Angeles. He is one of the executive producers of ABC's series, "Black-ish, an executive producer of ABC's "Grown-ish" and an executive producer of ABC's "MIXED-ISH".

iv

10.     Upon information and belief, Defendant Kenya Barris is a resident of the County of Los Angeles. She is listed in the credits as one of the creators of "Black-ish" and "MIXED-ISH".

11.     Upon information and belief, Defendant Disney ABC Studios is a corporation with its principal place of business in Burbank, California and wholly owned by the Walt Disney Company.

12.     On information and belief, defendant The Walt Disney Company (hereinafter known as "Defendants" or "TWDC") is a multi-national media and entertainment conglomerate headquartered at 500 South Buena Vista Street, Burbank, California 91521, incorporated in Delaware, with its place of business in California and it is duly qualified to transact business in the state of California.

13.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned and material hereto, some or all of said Defendants were the officers, directors, principals, agents, servants, employees and/or authorized representatives of some or each and other Defendants, and each of them; and that, in doing the actions herein alleged or in not doing those acts herein alleged not to have been performed by omission, said Defendants were acting within the course and scope

of such agency and/or authority.

14.     DEFENDANTS ANGELA NISSEL, E. BRIAN DOBBINS, KENYA

BARRIS, and ABC STUDIOS, a Delaware Corporation, and Parent Company are

persons and and/or entities who or which do or may have liability upon one or more of

the claims asserted or to be asserted in this action and who or which are identified in

this Complaint by name or as John and/or Jane Does and/or Doe 1 thru 25, inclusive,

whose true names and identities are either unknown or their identities are not yet

known to Plaintiff or the facts concerning their liability and/or their amenability or

capacity to be joined as defendants in this case are not yet sufficiently known to

Plaintiff to allow their joinder in this pleading. As additional facts concerning such

matters are learned, Plaintiff will move promptly to amend the Complaint accordingly.

### III.    COPYRIGHTABLE ELEMENTS

15.     Copyright law was enacted in 1790 under the United States Copyright Law

Act (and further covering Motion Pictures in 1912) for the very purpose of protecting

original works of authorship from any unauthorized copying by individuals or

corporations. The law itself was most certainly enacted to protect the inexperienced and

naïve individuals from being taken advantage of by those who would benefit from the unauthorized copying of Plaintiff's work.

16.    "To prove infringement, a Plaintiff must show that the works are substantially similar in both *ideas* and *expression." Sid & Marty Krofft*, 562 F.2d at 1164 (9th Cir. 1977). Similarity of ideas may be shown by an extrinsic test which focuses on alleged similarities in the objective details of the works. *Id.* The extrinsic test requires a comparison of plot, theme, dialogue, mood, setting, pace and sequence. *Jason v. Fonda*, 698 F.2d 966 (9th Cir. 1982), *incorporating by reference*, 526 F. Supp. 774, 777 (C.D.Cal.1981)."

## IV.    GENERAL ALLEGATIONS

17.    Plaintiff was the sole creator of MIXED and registered the series with the WGA in 2010 registration number 1446026, with SAG-AFTRA in 2013 production Number 00350437, and copyrighted Mixed with the Library of Congress in 2014, Registration number PA 2-265-745. Commencing on March 25, 2014, Plaintiff Premiered the MIXED comedy series (5 episodes) on the YouTube Channel (http://www.youtube.com/play).

18.    Thereafter, Plaintiff met Witness Layne Eskridge in January of 2015 at the 2015 Sundance Film Festival. At that time, Ms. Eskridge held the title of Production Development Executive for Ellen DeGeneres' company, "A Very Good Production." Witness Eskridge also held positions of responsibility at "Netflix Inc." and "Apple, Inc."

19.     On February 12, 2015, Witness Eskridge requested and received an email from Plaintiff with full webisodes, full Season 1 scripts, and necessary pitch materials for the comedy  series "MIXED" with Eskridge then agreeing to produce the series, and by and through her vast contacts, would "shop" the material around Hollywood to get it sold to a network. Thus, together with Plaintiff, Eskridge began to shop the intellectual property among her various entertainment contacts, including Defendants E. Brian Dobbins and Angela Nissel for further development. Plaintiff was introduced to these above- mentioned defendants via several emails, texts, and phone calls.

20.     On or about February 19, 2015 Witness Eskridge, Defendants Dobbins and Nissel  Convinced Plaintiff to allow them, as work for hire, to "punch up" and further develop the comedy series at which point MIXED was revised and packaged in order to pitch to Disney's ABC Studios and others for a series deal.

21.     On or about February 20th, 2015 Plaintiff was engaged in negotiations for a proposed deal through Reginald Hudlin, the former president of entertainment at BET. Upon sharing this information with defendants, Plaintiff was encouraged by Layne Eskridge not to accept the proposed deal for the series and continue working with them.

22.     In September 2019, the comedy series "MIXED-ISH" aired on ABC Network, crediting Defendants E. Brian Dobbins, Angela Nissel, Kenya Barris, Peter

Saji,and Tracee Ellis Ross. The parallel through line for the network comedy series has the female lead moving back in with her conservative father-in-law after receiving her law degree. Defendants illegally claim they created the comedy series, when in truth and fact they stole the concept originally created by Plaintiff.

23.   In *Litchfield v. Spielberg,* 736 F.2d 1352, 1356 (9th Cir. 1984); the Courts held: "To prove copyright infringement, the Plaintiff must show (1) ownership of the copyright, (2) access to the copyrighted work, and (3) substantial similarity between the copyrighted work and the defendant's work."

24.   Once Plaintiff created the original work and that work was captured in a fixed or sufficiently permanent medium by or under the Plaintiff's authority that original work, and works derived in whole from that original worked are subject to the copyright laws.

25.   Plaintiff's ownership of *"Pilot"* episodes 1 thru 5, on March 25, 2014, is memorialized in U.S. Copyright PA 2-265-745, when the Plaintiff affixed and captured his original expression in a tangible medium. The ownership by the Plaintiff of this original work was also recognized by the Screen Actors Guild registration in 2013 and Writers Guild of America registration 2010. SAG-AFTRA registration was under production number 00350437, as well as the WGA registration under registration number 1446026. Moreover, on or about January 5, 2014, "MIXED" was created as a 30-minute episode presented in the tangible medium on Vimeo.com and

fisherthoughts.com. Smaller segments of "MIXED" represented in episodes 2-5, were presented on YouTube, as it was later segmented and thereby derived from the 30 minutes pilot of "MIXED".

26.    On or about February 19, 2015, Defendant Dobbins packages the "MIXED" trailer http://www.youtube.com/play, and sends it around Hollywood as "Untitled Black Republican Comedy".

27.    Between February 19, 2015, and April 13, 2015, Defendant Dobbins received the "MIXED" written synopsis, trailer, pilot episode and the Season 1 episode outline created by the Plaintiff. During this timeframe, Defendant Dobbins hires Defendant Angela Nissel to edit the Plaintiff's series with Layne Eskridge as a producer.

28.    On or around April 13, 2015, defendants E. Brian Dobbins and Angela Nissel inform Layne Eskridge via email of Defendant Nissel's intention to keep the main character titled Samantha (lead character of "MIXED") and leave in the boyfriend character in the attached "Untitled Political Comedy" revision. However, according to Eskridge, she was later removed from the position of producer and Defendants Dobbins and Nissel continued to develop the series for ABC Disney.

29.    In or around April of 2015, the Plaintiff, by and through his previous employment at BET, reached out to Reginald Hudlin, a former President of Entertainment at BET for a development deal for MIXED. As Reginald had expressed interest in MIXED, Plaintiff was advised by Defendants through Witness Eskridge to not

x

take the proposed deal offered. Witness Eskridge recruited the assistance of Defendants Nissel and Dobbins and included the Plaintiff in email negotiations to further encourage Plaintiff not to sell the show to any other suitors. Through Witness Eskridge, plaintiff was promised at least a 2.5-million-dollar deal. At the behest of Defendants Dobbins and Nissel, all of the Plaintiff ceased negotiations with Reginald Hudlin and any other potential suitors.

30.    In mid April 2015, Plaintiff became Suspicious that Defendant Dobbins was shopping MIXED to potential buyers without Plaintiff's approval. At that point Plaintiff had Attorney Leroy Bobbitt to contact the Defendants and their associate Montrel McKay regarding the Plaintiff's suspicions, and the information that Plaintiff received from third parties. McKay advised Attorney Bobbitt that defendants "had no interest in moving forward with Plaintiff's project."

31.    While attending the May 2015 Cannes Film Festival, the Plaintiff was told by producer and director Rick Famuyiwa that he was shopped the project "MIXED" by Defendant Dobbins and witness McKay, but that Plaintiff was not attached to "MIXED."

32.    Plaintiff then confronted Witness Eskridge about being told that the defendants were shopping "MIXED" show around Hollywood without approval. Witness Eskridge admitted that the information was true, but the defendants felt some ownership stake in the project because they had improved the project through further development.

33.    In September 2019, the television comedy "MIX-ISH" premiered on ABC

with Defendants E. Brian Dobbins, Angela Nissel, and Kenya Barris attached as producers.

34.     Defendants are credited with writing and developing the television comedy series presently known as "Mixed-Ish", which was produced and is presently airing on ABC Disney's Television Network.

## V.     FIRST CAUSE OF ACTION

35.     Plaintiff refers to and incorporates paragraphs 1 thru 33 above as though fully set forth herein.

36.     Defendants, and each of them, deliberately and intentionally copied Plaintiff's comedy series named "MIXED" as though they created it as an original intellectual property and retitled it "MIXED-ISH".

37.     Plaintiff's comedy series dealt with a bi-racial conservative girl named Samantha Hoffman who moves back home after obtaining her Master's Degree and works for her liberal mother. Among the many aspects of "MIXED" that were incorporated into the ABC Studios comedy series are the following:

a.      Samantha has an interracial relationship with the high school sweetheart (who is white) but begins dating her parents' client who is black.
**In "MIXED-ISH" Rainbow has a white boyfriend (her teenage sweetheart) but gets a crush on her parents' mentee (who is black).**

b.      Samantha's cousin is teaching Samantha how to embrace being black, subsequently parents are contemplating divorce, and she is forced to move into her grandparents' house in an impoverished neighborhood and her cousin with newfound friends continue to teach her how to embrace being black.
**In "MIXED-ISH", Rainbow's parents move from an impoverished**

neighborhood to her divorced grandfather's house in an affluent neighborhood where her aunt teaches her how to embrace being black.

c.      In the Pilot episode Samantha battles biracial stereotypes, i.e. doesn't have black friends, feels uncomfortable in social situations with black people and white people who believes that she is able to dance because she is black but she could not dance, believed by her white counterparts to be an affirmative action hire. **In "MIXED-ISH", Rainbow is battling stereotypes as a bi-racial girl (whites making assumptions that she is going to be a better athlete on track team-faster). A teacher makes a comment about her natural hairstyle and tells her to make it neat for picture day. Rainbow goes to dance with white boyfriend and expected to be able to dance because she is black, but she can't dance.**

d.      Samantha is a church going Christian (post-college and graduate school) attending a predominantly white church and parents and cousin Tracy and friend Alice (both black) make fun of her church going and Christian values. **In "MIXED-ISH", Rainbow is a freshman in high school and develops a sudden interest in church (goes to predominantly white church) and her parents disapprove, while black friends make fun of her for believing that Jesus is White.**

e.      Samantha goes on a date with Tariq (black gentleman), turns to her black friends and family for advice on dating, sex, and life but she ends up discussing politics with Tariq who is not a Republican. **In "MIXED-ISH", Rainbow goes on her first date at the school danc, her friends give her advice, and she is nervous but ends up fighting over politics.**

f.      Samantha is a virgin in "MIXED", but her parents are alright with her having sex before marriage, AND encourage positive body image. However, she is conflicted about having sex before marriage as a Christian, but attempts with her white boyfriend in her bedroom. **In "MIXED-ISH, Rainbow is a virgin. Parents have conversation about sex, Parents tell her that it is alright to have a boy in her bedroom. It is alright to have pre-marital sex in the process of stating that it is alright to have a boy in the bedroom. Educate her about contraception and encourage positive body image.**

38.      Defendants infringed on Plaintiff's copyright and unless Defendants are

enjoined, they will continue to profit and take credit from the theft of Plaintiff's

xiii

intellectual property, which was originally named MIXED.

39.   Defendants Nissel and Dobbins clearly infringed upon Plaintiff's ownership

rights and attempted to make some changes to adapt and produce MIXED-ISH as

if they created the comedy series.

40.   This is a copyright infringement action filed by Plaintiff to protect his

original expression embodied in the MIXED original television series under the legal

causes of action of Copyright Infringement, Equitable Relief-Right of Attribution,

and other related causes of action.

41.   Each Defendant wrongfully diverted Plaintiff's property which constitutes

the loss of revenue to Plaintiff.

42.   As a direct result of Defendants, and each of their actions, Plaintiff has

sustained and will continue to sustain, substantial injury, loss, and damages in

an amount exceeding $100,000.00 and as proven at trial.

43.   Plaintiff is entitled to a permanent injunction restraining ABC Network,

their officers, directors, agents, employees, representatives and all persons

acting in concert with them from engaging in further acts of copyright infringement.

44.   Plaintiff is further entitled to recover from each of the Defendants the gains,

profits and advantages the Defendants have obtained as a result of their

acts of copyright infringement. At present, Plaintiff is unable to ascertain the full extent

of the gains, profits and advantages defendants have obtained by reason of their acts of

copyright infringement, but Plaintiff is informed and believes, and on that basis alleges

that Defendants obtained such gains, profits and advantages in an amount exceeding

$2,500,000.00.

WHEREFORE, Plaintiff David A. Fisher demand that judgement be entered in his favor against all Defendants for compensatory damages, punitive damages, prejudgment interest and costs of suit and appropriate relief the court deems just and appropriate for all the Causes of action:

　　1. Compensatory damages against defendants according to proof at the time of trial;

　　2. Statutory damages; and

　　3. Punitive and Exemplary damages to punish Defendants;

　　4. For costs of suit incurred; and

　　5. For such other and further relief as the Court deems just and proper.

　　5. Plaintiff Requests a Jury Trial

Dated:  December 2, 2021　　　　　DAVID FISHER

_____
Plaintiff In Pro Se