UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FISHER,<br><br>　　　　Plaintiff,<br>v.<br>ANGELA NISSEL *et al.*,<br>　　　　Defendants. | Case No.: CV 21-5839-CBM(KSx)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS [101]** |

The matter before the Court is Defendants' Motion for Attorneys' Fees and Costs (the "Motion"). (Dkt. No. 101.)[1]

### I.　　BACKGROUND

Pro se Plaintiff David Fisher filed this copyright infringement action on July 19, 2021 against Defendants Angela Nissel, E. Brian Dobbins, Kenya Barris, ABC Studios, The Walt Disney Company, Walt Disney Television and ABC Television Network, Inc. arising from the television show "MIXED-ISH" which Plaintiff

---

[1] On February 8, 2023, the Court ordered Defendants to cite to authority supporting their contention they are the prevailing party for purposes of 17 U.S.C. § 505 where the action was dismissed on a Rule 12(b)(6) motion to dismiss for failure to state a claim. Defendants filed a response to the Court's February 8, 2023 order on February 14, 2023. (Dkt. No. 103.) Pursuant to Local Rule 7-9, Plaintiff's opposition to the Motion was due on February 14, 2023 based on the March 7, 2023 noticed hearing date, but no opposition was filed.

1

alleges infringes on his work "MIXED."[2] The original Complaint asserted the following two causes of action against all defendants: 1) copyright infringement, 17 U.S.C. §§ 101 *et seq.*; and 2) conversion. On November 2, 2021, the Court granted The Walt Disney Company's motion to dismiss the original Complaint as follows:

> 1) Plaintiff's copyright infringement claim based on Plaintiff's MIXED Episodes 2 through 5 was dismissed with leave to amend to allege facts demonstrating Plaintiff owns a valid copyright registration for Episodes 2, 3, 4 and 5;
>
> 2) Plaintiff's copyright infringement claim based on Plaintiff's MIXED Episode 1 was dismissed with leave to amend to allege sufficient, non-conclusory facts regarding substantial similarity;
>
> 3) Plaintiff's conversion claim was dismissed without leave to amend because it is preempted by the Copyright Act since it arises from Defendants' alleged infringement of Plaintiff's MIXED comedy series, and the alleged rights violated which are the basis of Plaintiff's conversion claim are equivalent to the exclusive rights contained in 17 U.S.C. § 106; and
>
> 4) To the extent Plaintiff asserted a claim for false representation, that claim was dismissed without leave to amend because it is preempted by the Copyright Act since it arises from Defendants' alleged infringement of Plaintiff's MIXED comedy series and the alleged rights violated which are the basis of the false representation claim are equivalent to the exclusive rights contained in 17 U.S.C. § 106, and it is precluded pursuant to *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

(Dkt. No. 30.)

On December 2, 2021, Plaintiff filed the First Amended Complaint ("FAC") asserting a single cause of action for copyright infringement against Defendants Nissel, Dobbins, Barris, ABC Studios, and The Walt Disney Company. (Dkt. No. 31.) On January 27, 2022, the Court granted The Walt Disney Company's Motion to Dismiss the FAC and Defendants Nissel, Dobbins, and Barris' Joinder thereto, and dismissed the FAC without prejudice pursuant to

---

[2] The Court granted Plaintiff's request to proceed in forma pauperis. (*See* Dkt. Nos. 3, 10.)

Local Rule 7-12 based on Plaintiff's failure to file an opposition to the Motion. (Dkt. No. 42 (the "January 27, 2022 Order").)

On March 18, 2022, the Court ordered Plaintiff to show cause no later than May 2, 2022 why this action should not be dismissed for lack of prosecution. (Dkt. No. 44.) On May 2, 2022, Plaintiff filed a "Memorandum in Opposition to Motion to Dismiss Pursuant to FRCP 12(b)(6)" opposing The Walt Disney Company's Motion to Dismiss the FAC. (Dkt. No. 45.) The Court vacated the January 27, 2022 Order in light of Plaintiff's opposition to The Walt Disney Company's Motion to Dismiss the FAC. (Dkt. No. 56.) On August 15, 2022, after the motion was fully briefed, the Court ruled on Disney's Motion to Dismiss the FAC and Defendants Nissel, Dobbins, and Barris' Joinder as follows:

1) The Court granted the motion to dismiss the FAC and Joinder as to Plaintiff's copyright infringement claim against all Defendants based on Mixed Episodes 2 through 5 without leave to amend based on Plaintiff's failure to satisfy 17 U.S.C. § 411(a)'s pre-suit registration requirement; and

2) The Court granted the motion to dismiss the FAC and Joinder as to Plaintiff's copyright infringement claim based on Mixed Episode 1 with leave to amend to allege non-conclusory facts regarding the similarities between the parties' works as to the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.

(Dkt. No. 58 (the "August 15, 2022 Order").) The Court further ordered "[t]o the extent Plaintiff chooses to file a second amended complaint to allege non-conclusory similarities between Plaintiff's Episode 1 of Mixed and Defendants' MIXED-ISH, Plaintiff shall file the amended complaint no later than August 29, 2022," and stated "[a] failure to file a second amended complaint by that date shall result in dismissal of Plaintiff's copyright infringement claim as to Episode 1 without further leave to amend." (*Id.*)

The Court granted several ex parte applications and approved the parties' stipulation extending the time for Plaintiff to file the Second Amended Complaint ("SAC"). (*See* Dkt. Nos. 59, 60, 63, 66, 67, 70, 71.) On October 20, 2022,

Plaintiff's counsel[3] filed the SAC which asserted three causes of action: (1) copyright infringement, 17 U.S.C. § 504; (2) breach of the covenant of good faith; and (3) breach of implied contract. (Dkt. No. 73.)[4] On January 20, 2023, the Court issued an order granting Defendants' Motion to Dismiss the SAC pursuant to Rule 12(b)(6) without further leave to amend, dismissing the entire action as to all defendants, certifying that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). (Dkt. No. 97 ("January 20, 2023 Order").) The Court dismissed Plaintiff's copyright infringement claim based on Mixed Episode 1 for failure to allege sufficient facts regarding similarities between the parties' works as to the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in order to state a claim for copyright infringement. (*Id*. at 8-13.) Because Plaintiff had filed three complaints but failed to allege sufficient facts regarding substantial similarity between the parties' works to state a claim for copyright infringement, the Court dismissed Plaintiff's copyright claim without further leave to amend. (*Id*. at 14.)[5]

On January 25, 2023, Defendants filed a request for entry of judgment in light of the January 20, 2023 Order. (Dkt. No. 98.) On February 1, 2023, the Court entered a judgment of dismissal in accordance with the January 20, 2023 Order dismissing the entire action against all defendants. (Dkt. No. 99.)

---

[3] On September 21, 2022, the Court granted the request to substitute Ronda Baldwin Kennedy as attorney for Plaintiff. (Dkt. No. 66.)

[4] On October 21, 2022, Plaintiff's counsel filed another Second Amended Complaint without explanation or leave or Court. (Dkt. No. 74.) The second SAC filed by Plaintiff's counsel (Dkt. No. 74) attached additional exhibits to the SAC, but the underlying allegations in both versions of the SAC filed appeared to be identical. On January 10, 2023, the Court granted Plaintiff's counsel's motion to withdraw as attorney of record for Plaintiff. (Dkt. No. 93.)

[5] The Court also dismissed Plaintiff's new claims asserted in the SAC for breach of implied covenant of good faith and breach of implied contract based on Plaintiff's failure to obtain Defendants' written consent or leave of Court to assert new causes of action in the SAC as required pursuant to Federal Rule of Civil Procedure 15. (Dkt. No. 97 at 14-15.)

## II. STATEMENT OF THE LAW

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "[F]ees are to be awarded ... only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *see also Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 695 (9th Cir. 2015).

## III. DISCUSSION

### A. Whether Defendants Are the Prevailing Party

A "prevailing party" for purposes of the Copyright Act is "one who has been awarded some relief by the court," and "the key inquiry" in determining whether a party if the prevailing party under the Copyright Act is "whether some court action has created a 'material alteration of the legal relationship of the parties.'" *Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (finding a defendant who obtains a dismissal without prejudice is not a prevailing party for purposes of attorneys' fees under the Copyright Act because "dismissal without prejudice does not alter the legal relationship of the parties because the defendant remains subject to the risk of re-filing") (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); *Oscar v. Ala. Dep't of Educ. and Early De,* 541 F.3d 978, 981 (9th Cir. 2008)); *see also Interscope Recs. v. Leadbetter*, 312 F. App'x 50, 52 (9th Cir. 2009).[6] The Ninth Circuit thus concluded that "a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court." *Id.* at 1150.

Here, the Court dismissed Plaintiff's copyright claim based on Mixed Episode 1 for failure to state a claim pursuant to Federal Rule of Civil Procedure

---

[6] *Accord Stillwater Ltd. v. Basilotta*, 2022 WL 17345908 (C.D. Cal. Aug. 4, 2022).

12(b)(6) without further leave to amend. (Dkt. No. 97.) Moreover, the Court dismissed Plaintiff's copyright claim based on Mixed Episodes 2 through 5 without leave to amend as a result of Plaintiff's failure to satisfy the preregistration requirement. (Dkt. No. 58.) Therefore, the Court finds the Court's dismissal of Plaintiff's copyright claim without further leave to amend constitutes a material alteration of the parties' legal relationship. Accordingly, the Court finds Defendants are the prevailing party for purposes of 17 U.S.C. § 505 of the Copyright Act. *See Cadkin*, 569 F.3d at 1148; *see also Baker v. Baker*, 860 F. App'x 502, 505 (9th Cir. 2021) (finding the district court did not abuse its discretion in awarding the defendant attorneys' fees under 17 U.S.C. § 505 of the Copyright Act where the district court concluded the defendant was the prevailing party on the copyright claim based on the plaintiff's failure to comply with the pre-filing registration requirements) (citing *Buckhannon*, 532 U.S. at 604).

Notwithstanding the above, the Supreme Court has expressly rejected the "British Rule for automatic recovery of attorney's fees by the prevailing party" for purposes of 17 U.S.C. § 505 of the Copyright Act, and noted that while success may be a prerequisite to obtaining fees, it does not automatically support awarding fees in the absence of other considerations. *Fogerty v. Fantasy*, 510 U.S. at 534. Therefore, although the Court finds Defendants are the prevailing party under the Copyright Act, the Court declines to exercise its discretion to award attorneys' fees and costs to Defendants based on the facts and circumstances of this case as discussed below.

**B. Factors Considered In Determining Whether to Exercise the Court's Discretion to Award Attorneys' Fees under the Copyright Act**

A district court may consider the following non-exclusive factors in making an attorneys' fees determination pursuant to 17 U.S.C. § 505: (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of

compensation and deterrence. *See Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018); *Omega S.A.*, 776 F.3d at 695-96. In applying these factors, the Court must be "faithful to the purposes of the Copyright Act" and apply the factors "to prevailing plaintiffs and defendants in an evenhanded manner." *Id.*; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. at 527, 534.

### 1) Degree of Success

The Court dismissed Plaintiff's copyright infringement claim based on Mixed Episodes 2 through 5 without leave to amend based on Plaintiff's failure to satisfy 17 U.S.C. § 411(a)'s pre-suit registration requirement, and dismissed Plaintiff's copyright infringement claim based on Mixed Episodes 1 without further leave to amend based on Plaintiff's failure to plead sufficient facts regarding similarities between the parties' works as required to state a claim for copyright infringement. Therefore, the Court finds Defendants' degree of success is minimal here because the Court dismissed Plaintiff's copyright claim at the pleading stage and did not make any findings or rulings as to whether Defendants infringed Plaintiff's works. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1996) (noting the Copyright Act does not require a compulsory fee award to prevailing copyright defendants because "copyright defendants do not always reach the merits"); *see also Universal Dyeing & Printing, Inc. v. Lularoe, LLC*, 2018 WL 4223725, at *3 (C.D. Cal. July 23, 2018); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 2014 WL 1724478, at *6 (N.D. Cal. Apr. 29, 2014); *Stremor Corp. v. Wirtz*, 2015 WL 12555854, at *1-*2 (D. Ariz. June 17, 2015).

### 2) Frivolousness

Although the Court dismissed Plaintiff's copyright claim pursuant to Federal Rule of Civil Procedure 12(b)(6) without further leave to amend, the Court finds Plaintiff's copyright infringement claim was not frivolous, particularly in light of Plaintiff's pro se status when this action was filed and during the majority of this litigation. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) ("An

unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in *Christiansburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.").

### 3) Motivation

The Court finds the record before the Court does not demonstrate Plaintiff's copyright claim was brought in bad faith or for an improper purpose. The Court did not find Defendants did not infringe Plaintiff's works. Therefore, Defendants' contention that Plaintiff's copyright claim was baseless is not supported by the record. Defendants also contend there is an "inference of an improper motivation" based on Plaintiff's refusal to agree to extensions for Defendants, failure to file oppositions, requests for extensions on his own behalf, unwillingness to agree to not pursue his claims in exchange for Defendants agreeing to forgo fees, and statements that he would file a motion for reconsideration and/or appeal. The Court finds such conduct by Plaintiff does not evidence bad faith or an improper motive, particularly in light of Plaintiff's pro se status at the time he filed the action and for the majority of the litigation. *See, e.g., Geist v. Onewest Bank*, 2011 WL 223727, at *1 (N.D. Cal. Jan. 24, 2011) (citing *Juras v. Aman Collection Serv.*, 829 F.2d 739, 745 (9th Cir. 1987)). Furthermore, Plaintiff's statements about comments he received from others about Defendants and statement he would go to the press and "expose" more evidence (*see* Kim Decl. ¶¶ 13-15), does not demonstrate Plaintiff had an improper motive in filing his copyright infringement claim in this case.

### 4) Reasonableness of Plaintiff's Legal and Factual Arguments

The record does not demonstrate Plaintiff's copyright claim was objectively unreasonable as a factual and legal matter because there is no evidence demonstrating Plaintiff knew or should have known that the "chances of success in this case were slim to none" at the time he filed the lawsuit or when he filed his

8

amended complaints. *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013); *see also Universal Dyeing & Printing, Inc.*, 2018 WL 4223725, at *4.

### 5) Compensation and Deterrence

In analyzing deterrence, "the question is whether a successful *defense* of the action further[s] the purposes of the [Copyright] Act, not whether a *fee award* would do so." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. at 527); *see also Abbas v. Vertical Ent., LLC*, 854 F. App'x 816, 820 (9th Cir. 2021). "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." *Fogerty v. Fantasy, Inc.*, 510 U.S. at 527.

Although Defendants prevailed on their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court finds the purposes of the Copyright Act are not enhanced here since the Court did not reach the underlying issue of whether Defendants infringed Plaintiff's works, and Defendants' degree of success in this action at the pleading stage was minimal relative to the $106,052.98 in attorneys' fees award Defendants seek to recover. *See Fantasy, Inc. v. Fogerty*, 94 F.3d at 560 (noting the Copyright Act does not require a compulsory fee award to prevailing copyright defendants because "copyright defendants do not always reach the merits" and "defenses may be slight or insubstantial relative to the costs of litigation"). Therefore, the Court finds Defendants' success in this action through their Federal Rule of Procedure 12(b)(6) motions to dismiss do not further the purpose of the Copyright Act of "enriching the general public through access to creative works." *Fogerty v.*

*Fantasy, Inc.*, 510 U.S. at 527; *see also APL Microscopic, LLC v. Steenblock, D.O., Inc.*, 2021 WL 6496802, at *2 (C.D. Cal. Nov. 9, 2021).

### 6) Other Considerations

Defendants seek $106,052.98 in attorneys' fees and $2,033.32 in costs, "plus the reasonable attorneys' fees Defendants incur to prepare a Reply in support of this Motion, should that be necessary." Plaintiff filed a request to proceed in forma pauperis, which was granted by this Court on August 3, 2021. (Dkt. No. 10.) In Plaintiff's request to proceed in forma pauperis, Plaintiff stated he receives approximately $400 per month through self-employment as a "freelancer," had $98 in his checking account, and did not own any real estate or other valuable property. (Dkt. No. 3.) Therefore, the Court finds that an award of attorneys' fees and costs in this case would be unjust and would have a chilling effect on impecunious plaintiffs. *See Fantasy, Inc. v. Fogerty*, 94 F.3d at 560 (noting "attorney's fees are within the courts' discretion" under the Copyright Act, and the Copyright Act does not require a compulsory fee award to prevailing copyright defendants because "the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff"); *see also Ololade v. World Sav. Bank*, 2012 WL 13012436, at *5 (C.D. Cal. Feb. 17, 2012) ("Many recent decisions, however, have found it unjust to impose attorneys' fees and costs on plaintiffs facing financial hardship.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.   CONCLUSION

For the reasons discussed above, although the Court finds Defendants are the prevailing party for purposes of the Copyright Act, the Court declines to exercise its discretion to award attorneys' fees and costs to Defendants based on the facts and circumstances of this case.  Accordingly, the Court **DENIES** Defendants' Motion for Attorneys' Fees and Costs.

**IT IS SO ORDERED.**

DATED:  May 1, 2023.

　　　　　　　　　　　　　　　　CONSUELO B. MARSHALL
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE